**HOUSEHOLD FINANCE CORPORATION,
Plaintiff,**

v.

**Kim Robert McCLANE, Eugenia Doyle McClane, Defendants.**

**In the Matter of Kim Robert McCLANE (and) Eugenia Doyle McClane, Debtors.**

**Bankruptcy No. 3–80–01334.
Adv. No. 3–80–0402.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Feb. 5, 1981.

Thomas R. Noland, Dayton, Ohio, for defendants.

R. L. Cousineau, Dayton, Ohio, for plaintiff.

E. James Wampler, Dayton, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Plaintiff, Household Finance Corporation, filed a complaint against Kim Robert McClane and Eugenia Doyle McClane, on July 21, 1980, seeking a judgment of nondischargeability of a debt and monetary judgment in the amount of $1,116.76 "and costs". The gravamen of the allegations is an extension of credit in reliance upon a false financial statement.

At the trial the evidence adduced established that plaintiff had granted a loan to debtors on 24 October 1979, in the amount of $5,043.34, plus finance charges, from which sum debtors received "fresh cash" of $1,116.70; and the balance was applied to payment of an existing loan from plaintiff in the amount of $3,923.64.

The court denied the complaint and dismissed the action based upon a finding that the loan was not made in reliance upon the financial statement, which had been carelessly prepared and bore the *pro forma* clause "I have no other debts" at the instigation of the loan officer, who also advised the debtors to list only their "Dayton debts".

The court further found that the loan was made primarily in reliance upon the credit history of past loan transactions between the parties. The loan in question was in fact the result of a telephone solicitation to debtors by an employee of plaintiff, wherein they were persuaded to accept a larger loan, at no increase in monthly payments. The debtors first declined the offered generosity; but, upon a second telephone solicitation they between themselves decided it was a "good deal".

After the court ruled from the bench in favor of defendants at the trial (on 14 October 1980), the attorney for defendants on 14 January 1981 requested a ruling on attorney's fees pursuant to 11 U.S.C. § 523(d), which was set for hearing, upon notice, on 26 January 1981.

Plaintiff did not appear to contest the request at the hearing, and the matter of fees was submitted upon a written memorandum in support of the allowance and an affidavit by Defendants' attorney, for expenditure of five hours time at $70.00 per hour.

## CONCLUSIONS OF LAW

The allowance of attorney fees requested by the attorney for Defendants has been submitted solely on the strength of the terms of the statute (11 U.S.C. § 523(d)),* without citations of legal precedents or other authorities, and without contest by Plaintiff.

Under such circumstances, the facile disposition would be an award without further ado. It is fairly obvious that Plaintiff has decided to accede under the rationale that the issue is entirely discretionary and does not merit additional litigation expenses, perhaps even exceeding the nominal amount now involved.

The court cannot believe, however, that the Congress would have made the question discretionary if a judgment to defendants in such matters is strictly punitive and automatic. Certainly, *bona fide* litigation should be no sin. For the benefit of litigants and their attorneys in similar litigation, which has become epidemic, an outline of this court's approach should be suggested.

The statute in question must be analyzed both historically and realistically. Without laboring the very complicated status of the

---

* "If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable." 11 U.S.C. § 523(d).

award of attorneys' fees in English and American practice, the encyclopedic treatment in American Jurisprudence 2d, is quite elucidating and adequate (annotations omitted). "The right to recover attorneys' fees from one's opponent in litigation as a part of the costs thereof does not exist at Common law. Such an item of expense is not allowable in the absence of a statute or rule of court or in the absence of some agreement expressly authorizing the taxing of attorneys' fees in addition to the ordinary costs." *20 Am.Jur.2d, Costs at Page 58,* "... Also, specific provision is made in the federal statutes for award of attorneys in various types of cases. Some of these statutes are mandatory in terms providing the attorneys' fees 'shall' be awarded to the party bringing suit, if he is successful; others are discretionary in terms, providing that the court 'may' grant counsel fees to the prevailing party, whether the prevailing party is the plaintiff or the defendant. But except where a valid contractual provision, federal statute, or a contrary requirement of applicable state law dictates a contrary result, the general rule may be stated that the prevailing party in an action in federal court is not entitled to recover counsel fees." *20 Am.Jur.2d, Costs at Page 60.*

The legislative history of 11 U.S.C. § 523(d) elucidates as follows:

"Subsection (d) is new. It provides protection to a consumer debtor that dealt honestly with a creditor who sought to have a debt excepted from discharge on grounds of falsity in the incurring of the debt. The debtor is entitled to costs of and a reasonable attorney's fee for the proceeding to determine the dischargeability of a debt under subsection (a)(2), if the creditor initiated the proceeding and the debt was determined to be dischargeable. The court is permitted to award any actual pecuniary loss that the debtor may have suffered as a result of the proceeding (such as loss of a day's pay). The purpose of the provision is to discourage creditors from initiating false financial statement exception to discharge actions [sic] in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start." *House Report No. 95–595, 95th Cong., 1st Sess. (1977) p. 365, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963, 6320.*

■ Even though the statute provides that "the court shall grant judgment", such is not interpreted as a penalty to punish a lender in every case a justiciable controversy exists. To reach such limits would have been unnecessary inasmuch as the cause of action itself if statutory and could have been omitted. The intent of Congress is more aptly expressed in the statutory qualification, "unless such granting of judgment would be clearly inequitable."

■ In applying the terms of this statute in this court, the effect of the statute will be deemed procedural and whenever the defendant prevails, *after trial,* the burden of proof to avoid imposition of attorney's fees will shift to plaintiff as an evidentiary element. In cases dismissed by plaintiff, *before trial,* a defendant may request an evidentiary hearing for consideration of an award for attorney's fees and other costs, and the amounts thereof, if the parties cannot file an agreed order.

■ In the instant case, the Plaintiff has not sustained the burden of proof to avoid the imposition of the requested attorney's fee, which is found to be reasonable. There is no evidence of any other costs suffered by Defendants.

Upon judgment to Defendants denying and dismissing the complaint of Household Finance Corporation, it is further

*ORDERED, ADJUDGED AND DE-CREED,* that Defendants, Kim Robert McClane and Eugenia Doyle McClane should be, and are hereby granted judgment for $350.00 for attorney's fee, to be remitted in care of the attorney.