**In re Paul C. SCHLICKMANN, Debtor.**

**FIRST SERVICE CORPORATION,**
**Plaintiff,**

v.

**Paul C. SCHLICKMANN, Defendant.**

Bankruptcy No. 4–80–0011–G.
Adv. Proceeding No. 4–80–0060–G.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 21, 1980.

Paul Wean, Natick, Mass., for debtor.

Irving Brodsky, Providence, R. I., for First Service Corp.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR ASSESSMENT OF COSTS AND ATTORNEY'S FEES

PAUL W. GLENNON, Bankruptcy Judge.

Mr. Schlickmann filed an original petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) on February 27, 1980. In the debtor's schedules, he lists an unsecured loan from the plaintiff in the amount of $3,165.21. On May 12, 1980, First Service Corporation filed its complaint to except from discharge, pursuant to § 523(a)(2) of the Code, the debt owed to it by Mr. Schlickmann.

After a trial on the merits, I entered my Memorandum and Order in the matter on September 29, 1980, wherein the plaintiff was found to have failed in meeting its burden of proof regarding the defendant's fraud, and the defendant's debt was discharged. The defendant is now before me moving for § 523(d) to be applied so that the debtor might recover the costs and reasonable attorney's fees of this litigation. I might point out here that this matter should have been raised by complaint, wherein the debtor would become the plaintiff herein. However, I will refer to the parties as they were originally captioned, for it matters not, in the final outcome.

Initially, it must be pointed out that the plaintiff herein sought to have the debt owed to it by the defendant excepted from discharge under § 523(a)(2) of the Code, but was unsuccessful. The defendant now invokes § 523(d) in an effort to collect his costs and reasonable attorney's fees. Section 523(d) provides,

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of [§ 523], and such debt is discharged, the court *shall* grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, *unless* such granting of judgment would be clearly inequitable. (emphasis added).

It would appear that this matter is a case of first impression both in this district and, as far as I can tell, in this circuit as well. Nor is the court aware of any decisions in any other circuit on this particular section of the new Bankruptcy Code. I have heard oral argument from each side with respect to the scope of this section and its applicability to the facts at hand. Because this subsection is new, and due to the apparent lack of judicial decisions in this area, I wish to be certain that the court stands on solid ground in any decision it makes. Both the legislative history and the language of the section itself are useful in delineating the scope of § 523(d).

First, the language of the subsection itself is unequivocal and in the nature of a directive to the court that, if a creditor requests a dischargeability determination, under § 523(a)(2), of a consumer debt, and the creditor loses on its complaint, the court *shall* grant judgment for the debtor for costs and reasonable attorney's fees, *unless* such granting of judgment would be *clearly* inequitable.

The plaintiff–creditor has argued here that this last exception should be read to mean that judgment should not be granted for the debtor unless the creditor's suit was frivolous or filed without good faith. This interpretation, however, flies in the face of the legislative history behind this subsection and the clear meaning of the words.

The House and Senate Reports on this subsection contain identical language, in part, in reference to § 523(d). Those reports both begin,

Subsection (d) is new. It provides protection to a consumer debtor that dealt honestly with a creditor who sought to have a debt excepted from discharge on grounds of falsity in the incurring of the debt. The debtor is entitled to [may be awarded] costs of and a reasonable attorney's fee for the proceeding to determine dischargeability of a debt under subsection (a)(2) ...[1]

The House Report goes on to say that judgment shall be awarded to the debtor if the creditor initiated the dischargeability proceeding and if the debt was determined to be dischargeable. The Senate Report, on the other hand, goes on to say that costs and attorney's fees may be awarded if the court finds that the proceeding was frivolous or not brought by its creditor in good faith. The creditor argues the point of view taken in the Senate Report, while the debtor adopts the House version. I find further language in the legislative history to be persuasive on this point.

Both the House and the Senate Reports contain language that,

The purpose of the provision is to discourage creditors from initiating false financial statement exception to discharge actions in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start [and are contrary to the spirit of the bankruptcy laws].[2]

Thus, it is clear that both houses of Congress saw a danger that debtors, because of their poor financial condition, would be unlikely to adequately defend actions brought by creditors to except from discharge debts allegedly obtained under false pretenses.

Under the old Bankruptcy Act, creditors could bring such actions with everything to gain and nothing to lose. Congress in its wisdom sought to impede creditors from filing such actions by imposing the costs of litigation upon them should they fail. The right to sue is not lost, nor is the power of the court to except certain debts from discharge infringed upon. Congress has merely given creditors a reason for second–thought before filing actions under § 523(a)(2).

I am mindful that in interpreting the statute as I have, honest creditors who might already be bearing the burden of a

1. House Report No. 95–595, 95th Cong., 1st Session (1977) 365. Senate Report No. 95–989, 95th Cong., 2d Session (1978) 80, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5866.

2. Ibid.

watered–down dividend on the debt owed to them will also be strapped with the expense of seeking to honestly and faithfully protect their rights. While in many cases I would be reluctant to saddle creditors with this additional cost, I feel my hands are tied. Section 523(d) does not provide for judicial discretion in this matter. It is a strong directive, with an exception in cases only of *clear inequity.* While the court could speculate as to cases which might fall within this exception, I don't feel this case is one in which Congress intended the exception to apply. My opinion and interpretation is buttressed by the Congressional Report on § 523(d).

Section 523(d) represents a compromise between the position taken in the House bill and the Senate amendment on the issue of attorney's fees in false financial statement complaints to determine dischargeability. The provision contained in the House bill permitting the court to award damages is eliminated. The court *must* grant the debtor judgment or a reasonable attorney's fee unless the granting of judgment would be clearly inequitable. (emphasis added).[3]

Thus, I feel that the court here must award the debtor costs and reasonable attorney's fees. While I find as fact that the plaintiff's complaint was neither frivolous nor filed in bad faith, those facts alone would not bring it within the exception of § 523(d). Congress seems to have clearly mandated that costs and attorney's fees shall be awarded in all but the rarest cases of clear inequity.

In this regard, however, I am of the opinion that the Bankruptcy Judge still retains the authority to determine what is a reasonable fee given the complexities of the case and the manner of the representation. The debtor's attorney has listed $112.95 as costs or expenses, and this the court finds acceptable. However, the court considers his request for $3,915.00 as a fee for his service to be excessive, particularly in view of the fact that the debt involved no more than $3500.00 at most. Therefore, the court

fixes as a reasonable fee for the services of the debtor's attorney the amount of $2,600.00.

Therefore, for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED, that

Plaintiff First Service Corporation pay to the defendant, Paul C. Schlickmann $112.95 as expenses of litigation and $2,600.00 as a reasonable attorney's fee for the litigation involved in the above–captioned complaint.

---

**3.** 124 Cong.Rec. H11,096 (Sept. 28, 1978); S17,-413 (Oct. 6, 1978).