In The Matter of: Robert W. MAJEWSKI, Debtor,

Nancy Majewski, Debtor.

BENEFICIAL FINANCE CO. OF CONNECTICUT, Plaintiff,

v.

Robert MAJEWSKI, Debtor, Defendant.

BENEFICIAL FINANCE CO. OF CONNECTICUT, Plaintiff,

v.

Nancy MAJEWSKI, Debtor, Defendant.

Bankruptcy Nos. 2–80–00121, 2–80–00122. Adversary Proceeding Nos. 2–80–0167, 2–80–0168.

United States Bankruptcy Court, D. Connecticut.

Jan. 6, 1981.

ring the debt, this court held, on October 31, 1980, that the creditor, Beneficial Finance Company of Connecticut, (BFC), had not shown that the omission of certain possible indebtedness from a credit statement completed by the debtors for a loan from BFC was material or was made with the requisite intent to deceive, and BFC's request to find its debt nondischargeable was denied.[2]

BFC recognizes that § 523(d) constitutes a change from the prior law of the Bankruptcy Act of 1898, whereunder debtors had no right to obtain attorney's fees if they prevailed in dischargeability hearings. Nonetheless, BFC would have the court construe the phrase in § 523(d), "unless such granting of judgment would be clearly inequitable", as another statement of the "American Rule" on attorney's fees, viz— that absent a statute or enforceable contract, a prevailing party is only entitled to obtain reasonable attorney's fees from the losing party when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). There is some equivocal support for BFC's position in *3 Collier (15th ed.)* ¶ 523.-12 at p. 523–69, when it states, "If the creditor has a sound case, acts in good faith, has not been guilty of abusive practices in obtaining a false statement, the court is permitted to deny judgment for costs and attorney's fees even though the debtor may ultimately prevail after trial". *See also In re Archangeli*, 6 B.R. 50 (Bkrtcy.Maine, 1980).[3] However, the legislative history of § 523(d) convinces me that attorney's fees are to be awarded even if the court cannot make a finding of bad faith, as it cannot in this case, on the part of the complaining creditor.

Arnold H. Klau of Sharaf & Klau, Avon, Conn., for Beneficial Finance Co. of Conn.

Bruce S. Beck of Beck & Pagano, Manchester, Conn., for Robert W. Majewski and Nancy Majewski.

## MEMORANDUM

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

The issue to be decided is whether or not Robert Majewski and Nancy Majewski, (debtors), are entitled to judgment for a reasonable attorney's fee pursuant to 11 U.S.C. § 523(d) against a creditor who brought an unsuccessful complaint to determine the debtors' debt to it nondischargeable.[1] In a § 523(a)(2) action to determine dischargeability based on falsity in incur-

---

1. Section 523(d) provides:
   If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

2. The separate actions against the debtors were jointly tried.

3. See Note 7, infra.

The Bankruptcy Reform Act of 1978 wound its way through Congress until the day of enactment in two separate versions—one in the House and one in the Senate. *Klee, Legislative History of the New Bankruptcy Code* 54 Am.Bankr.L.J. 275 (1980). With respect to the instant issue, the House version mandated an award to the prevailing debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, and permitted an award for any actual pecuniary damages to the debtor resulting from such proceeding (such as the loss of a day's work). H.R. 8200 95th Cong. 1st Sess. (1977).[4] As discussed in The Report of the Committee on the Judiciary, House, of Representatives, to accompany H.R. 8200, H.R. Rep. No. 95–595, 95th Cong. 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 [hereinafter *House Report*], this provision was posited on the belief that the whole area of dischargeability suits based on alleged written false financial statements was so permeated with creditor abuse that the "Bankruptcy Commission recommended that the false financial statement exception to discharge be eliminated for consumer debts". Although the House Judiciary Committee did not wish to eliminate this exception from discharge, it included the provision for attorney's fees, costs, and damages "[i]n order to balance the scales more fairly in this area". *House Report* at 131, U.S.Code Cong. & Admin. News 1978, p. 6092.[5] On the other hand, the Senate version, S. 2266, 95th Cong., 2d Sess. (1977), provided for costs and a reasonable attorney's fee only after the court found that "the proceeding was frivolous or not brought by the creditor in good faith".[6]

4. The House version read in full as follows:
   If a creditor requests a determination of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability and may grant judgment against such creditor and in favor of the debtor for any actual pecuniary damages to the debtor resulting from such proceeding.

5. Further explication in the *House Report* at pp. 131–132, U.S.Code Cong. & Admin.News 1978, pp. 6092–6093 is as follows:
   The threat of litigation over this exception to discharge and its attendant costs are often enough to induce the debtor to settle for a reduced sum, in order to avoid the costs of litigation. Thus, creditors with marginal cases are usually able to have at least part of their claim excepted from discharge (or reaffirmed), even though the merits of the case are weak. Statistics from a recent year, for example, show that approximately 8,000 cases were filed under this exception to discharge. Of those, over 5,000 were settled without trial. Of the remaining 3,000, creditors won just half. If those 3,000 are representative, then it is likely that in 2,500 cases, debtors settled by agreeing to repay part of their debt, even though they would have won the case had it gone to trial.

   .     .     .     .     .

   The costs-attorney's fees provision is mandatory. If the provision were made permissive instead of mandatory, with discretion in the court to award such amounts as were proper in each particular case, the debtor would once again be subject to the risk of paying attorney's fees and losing a day's work without pay. The balance would again shift back toward the creditor, and would put pressure on the debtor to settle. Making the provision discretionary would seriously weaken the protection it provides.

6. The Senate version reads in full as follows:
   If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court may award to the debtor the costs of and a reasonable attorney's fee for the proceeding to determine dischargeability if it finds that the proceeding was frivolous or not brought by the creditor in good faith.
   The Report of the Committee on the Judiciary, United States Senate, to accompany S. 2266, S.Rep. No. 95–989, 95th Cong.2d Sess. (1978) states at p. 80, U.S.Code Cong. & Admin.News 1978, p. 5866:
   Subsection (d) is new. It provides protection to a consumer debtor that dealt honestly with a creditor who sought to have a debt excepted from discharge on the ground of falsity in the incurring of the debt. The debtor may be awarded costs and a reasonable attorney's fee for the proceeding to determine the dischargeability of a debt under subsection (a)(2), if the court finds that the proceeding was frivolous or not brought by its creditor in good faith.
   The purpose of the provision is to discourage creditors from initiating proceedings to obtain a false financial statement exception to

When the final version of H.R. 8200 was presented to the Congress, the floor managers in the House and the Senate agreed to the following joint explanatory statement:

> Section 523(d) represents a compromise between the position taken in the House bill and the Senate amendment on the issue of attorneys' fees in false financial statement complaints to determine dischargeability. The provision contained in the House bill permitting the court to award damages is eliminated. The court must grant the debtor judgment or a reasonable attorneys' fee unless the granting of judgment would be clearly inequitable.
>
> 124 Cong.Rep. H 11096 (daily ed., Sept. 28, 1978) (remarks of Rep. Don Edwards) 124 Cong.Rep. S 17412 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini).

The foregoing examination of the original House and Senate drafts of § 523(d), makes it apparent that the compromise reached in the final version goes further than the mere dropping of the House provision for granting pecuniary damages suffered by a prevailing debtor. The enacted section eliminated the Senate provision for awarding attorney's fees only if the court found that the suit was not brought by the creditor in good faith. The compromise language retains the mandatory word "shall" concerning an award of attorney's fees even though followed by the qualifying phrase, "unless such granting of judgment would be clearly inequitable". It is not necessary for the court to attempt to define "clearly inequitable" in this proceeding. It does not apply in this case.[7] The complaint brought by BFC was neither frivolous nor in bad faith, but BFC did not prevail, and the debtors did nothing at any relevant time which could be said to make the granting of a judgment clearly inequitable. BFC

is presumably aware of the requirement that every element of a false financial statement exception to discharge must be proved to allow the creditor's debt to be found nondischargeable. Nothing occurred at this trial which could not be said to have been discoverable by BFC prior to trial. BFC is actually asking the court to read back into § 523(d) the language contained in the original Senate version of this section. This the court cannot do in view of its understanding of the legislative history of § 523(d) as reviewed herein.

The debtors have requested a reasonable attorney's fee in the amount of $350.00. BFC concedes that if such fee is to be awarded, the amount of the request is reasonable based on the attorney time spent in preparation for trial, conduct of the trial, and the submission of post-trial briefs. The court finds that $350.00 is a reasonable attorney's fee, BFC has not borne its burden of proving that the granting of a judgment for attorney's fees would be clearly inequitable, and the court therefore grants a judgment against Beneficial Finance Company of Connecticut in the amount of $350.00.

---

discharge in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start and are contrary to the spirit of the bankruptcy laws.

7. The only case located by the court referring to § 523(d) is *In re Archangeli, supra,* where the court, without extended discussion, denied an

award of costs and attorney's fees, noting that the creditor "initiated this action in good faith". The court had found that the debtor had actual intent to defraud by a materially false statement, and the creditor did not prevail only because it failed to prove the element of reliance.