**In re Randy Michael LANE, Leeotia Magdaline Lane, Debtors.**

**ASSOCIATES FINANCIAL SERVICES COMPANY OF OHIO, INC., Plaintiff,**

**v.**

**Randy Michael LANE, Leeotia Magdaline Lane, Defendants.**

**Bankruptcy No. 580–1265.**
**Adv. No. 580–0321.**

United States Bankruptcy Court,
N. D. Ohio.

July 8, 1981.

William D. Lentz, Ravenna, Ohio, for debtors.

Victor Vigluicci, Ravenna, Ohio, for plaintiff.

**H. F. WHITE, Bankruptcy Judge.**

An order denying the complaint filed by Associates Financial Services Company of Ohio, Inc., hereinafter referred to as Associates, to determine that the debt due Associates from Randy Michael Lane and Leeotia Magdaline Lane, hereinafter referred to as debtors, was nondischargeable under 11 U.S.C. Section 523(a)(2), was entered by this Court on April 22, 1981. 10 B.R. 701.

An application for attorney fees, pursuant to 11 U.S.C. Section 523(d), was filed by debtors on May 5, 1981.

An answer and objection to said application for attorney fees was filed by Associates on May 15, 1981.

A hearing upon the objection of Associates to the debtors' application for attorney's fees was held on June 22, 1981.

The creditor and the debtors' attorney on June 28, 1981 submitted to this Court the question of the allowance of attorney fees to be based upon the evidence heard by this Court at the trial of the dischargeability of said debt. The Court did deem that although the debtors did submit a false financial statement to the creditor, the creditor did not rely on said statement in that the loan manager was aware of the financial condition of the debtors, and that the debtors did not meet the criteria for the extension of credit as established by the creditor. It was finally determined by the Court that the creditor did not rely on the statement and the extension of credit.

It is the conclusion of this Court that debtors' application for attorney's fees, pursuant to 11 U.S.C. Section 523(d), should be granted to the extent of Five Hundred Twenty Five Dollars ($525.00).

11 U.S.C. Section 523(d) provides that should a creditor seek a determination of dischargeability of a consumer debt under Section 523(a)(2) (the false pretenses, false representations, actual fraud, and false financial statement exception) and the debt is determined to be dischargeable, the court will award judgment against such creditor and in favor of the debtor for costs and a reasonable attorney's fees for the dischargeability hearing, unless such granting

of judgment would be clearly inequitable.[1] This enacted version of Section 523(d) represents a compromise between a weaker Senate version and a stronger House version.

The Senate version provided that the debtor "may" be awarded costs and a reasonable attorney's fees if the Court finds that the dischargeability proceeding was "frivolous" or not brought by the creditor in "good faith".[2] The House version required the court to award the debtor costs and attorney's fees and further permitted the court to award any actual pecuniary loss that the debtor may have suffered as a result of the dischargeability proceeding (such as loss of a day's pay).[3]

The purpose of both versions was to "discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start."[4]

The final, enacted version of Section 523(d) eliminates the House provision for awarding actual pecuniary loss to the debtor and eliminates the Senate provision for awarding attorney fees to debtor only if the court found that the Section 523(a)(2) action was not brought by the creditor in good faith.

The language of the enacted Section 523(d), "the court shall grant", requires that the court grant judgment against the creditor and in favor of the debtor for costs and attorney fees, unless this would be clearly inequitable. The unsuccessful credi-

tor has the burden of proving that the imposition of attorney's fees would be clearly inequitable.[5] This Court finds that Associates has not borne its burden of proving that the granting of a judgment in favor of the debtors for attorney's fees would be clearly inequitable.

This Court further finds that the bankruptcy judge retains authority to determine what is a reasonable attorney's fee given the complexities of the case and the manner of representation. This Court, upon reviewing debtors' attorney's itemized statement of fees, finds that Five Hundred Twenty Five Dollars ($525.00) is a reasonable fee for legal services rendered to debtors during the dischargeability proceeding.

THEREFORE, IT IS ORDERED THAT:

1) Judgment is rendered against Associates Financial Services of Ohio in the amount of Five Hundred Twenty Five Dollars ($525.00) which is to be paid to William D. Lentz, attorney for the debtors in these proceedings. Said amount to be paid within ten (10) days of the entry of this order.

BE IT SO ORDERED.

---

1. 11 U.S.C. Section 523(d) provides:
   If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

2. S.Rep.No.989, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

3. H.R.Rep.No. 595, 95th Cong., 1st Sess. 365 (1977).

4. Id. and S.Rep.No.989, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, p. 5866.

5. See *Household Finance Corp. v. McClane*, 8 B.R. 666 (Bkrtcy.S.D. Ohio 1981) and *Matter of Majewski*, 7 B.R. 904 (Bkrtcy.Conn.1981).