In re Gary Dennis FOLSTER, Sr., and Carmencita B. Folster, aka Carmencita Baula Folster, Debtors,

FINANCE FACTORS, LTD., Plaintiff,

v.

Gary Dennis FOLSTER, Sr., and Carmencita B. Folster, Defendants.

Bankruptcy No. 80–0082.

United States Bankruptcy Court,
D. Hawaii.

Jan. 7, 1982.

Stephen W. H. A. Lee, Honolulu, Hawaii, for defendants.

Kevin P. H. Sumida, Honolulu, Hawaii, for plaintiff.

JON J. CHINEN, Bankruptcy Judge.

On April 28, 1981, the above-entitled case came on for trial on a Complaint to Determine the Dischargeability of a Particular Debt filed by Finance Factors, Ltd., hereafter "Plaintiff". At the trial Plaintiff was represented by Kevin Sumida and Defendants Gary and Carmencita Folster, hereafter "Debtors", were represented by Stephen Lee. Upon the conclusion of the trial, this Court rendered a decision in favor of the Debtors. As a result, the Debtors moved for attorney's fees incurred in presenting their defense pursuant to 11 U.S.C. § 523(d).

This order addresses the issue of whether or not the Defendants are entitled to payment of their attorney's fees by the unsuccessful Plaintiff.

### I.

The applicable statutory provision is 11 U.S.C. § 523(d) which provides:

> (d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

Although the relevant legislative history indicates differing House and Senate bills regarding § 523(d), the final version reflects a compromise reached as presented to the Congress by the following statement:

> Section 523(d) represents a compromise between the position taken in the House bill and the Senate amendment on the issue of attorneys' fees in false financial statement complaints to determine dischargeability. The provision contained in the House bill permitting the court to award damages is eliminated. The court must grant the debtor judgment or a reasonable attorneys' fees unless the granting of judgment would be clearly inequitable.

124 Cong.Rep. H 11096 (daily ed. Sept. 28, 1978) (remarks of Rep. Don Edwards); 124 Cong.Rep.S. 17412 (daily ed., Oct. 6, 1978) (remarks of Sen. De Concini).

Not only did the final bill eliminate the House provision granting pecuniary damages suffered by the prevailing debtor, H.R. 8200, 95th Cong., 1st Sess. (1977), but it also eliminated the Senate provision requiring attorney's fees only if the court found that the complaint was frivolous or not brought by the creditor in good faith, S.2266, 95th Cong. 2d Sess (1977). *See In re Fulwiler*, 624 F.2d 908 (9th Cir. 1980) (arose under Bankruptcy Act of 1898).

The final language adopted by Congress retains the mandatory word "shall" in awarding attorney's fees but there is an exception found in the phrase "unless such granting of judgment would be clearly inequitable."

In the case *In re Majewski*, 7 B.R. 904 (Bkrtcy.D.Conn.1981), the court held that the debtors were entitled to attorney's fees against a creditor who brought an unsuccessful complaint to determine the dischargeability of a debt owed to it. The creditor failed to meet its burden of proving that granting of judgment for attorney's fees would be clearly inequitable. The court therefore, absolved itself of any obligation to define "clearly inequitable".

The common law is sparse and has yet to be developed in this area. One case, *In re Archangeli*, 6 B.R. 50 (Bkrtcy.D.Maine 1980), is helpful in defining "clearly inequitable". The court denied an award of attorney's fees against a creditor who brought an unsuccessful complaint to determine debtor's debt to it as nondischargeable, noting that the creditor "initiated this action in good faith." *Id.* at 53. The court found that the debtor had actual intent to defraud by a materially false statement, and the creditor was unsuccessful only because it failed to prove the element of reliance. Thus, the court concluded that it would be inequitable to award attorney fees to the debtor.

In the instant case, the Court stated in its Conclusions of Law, dated June 4, 1981:

1. That the Defendants did not obtain money from the Plaintiff with the intent to deceive Plaintiff;

2. That the Plaintiff did not reasonably rely upon the Defendants' credit application in approving the loan;

Unlike *Archangeli* where the debtor had actual intent to defraud the creditor, in this case the Court found that the Debtors did not act fraudulently. Therefore, it would not be clearly inequitable to allow the Debtors an award of attorney's fees.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Debtors' motion for attorney's fees is granted. The amount of the award on behalf of the Debtors will be subject to counsel submitting detailed timesheets of the services rendered in this proceeding.