In re Paul F. FINNIE, Debtor.

WEST SPRINGFIELD M. E. CREDIT UNION, Plaintiff,

v.

Paul FINNIE, Defendant.

Bankruptcy No. 79-2094-G.
Adv. No. 4-80-0002.

United States Bankruptcy Court,
D. Massachusetts.

July 1, 1982.

See also, Bkrtcy., 10 B.R. 262.

William J. Lyons, W. Springfield, Mass., for plaintiff.

Philip J. Hendel, Kamberg, Berman, Hendel, Gold & West, P. C., Springfield, Mass., for defendant.

## MEMORANDUM AND ORDER ON COMPLAINT (MOTION) TO ASSESS ATTORNEY'S FEES

PAUL W. GLENNON, Bankruptcy Judge.

The debtor seeks an order from this Court assessing costs and reasonable attorney's fees against the plaintiff-credit union under § 523(d) of the Bankruptcy Code, which provides:

> If a creditor requests a determination of dischargeability of a *consumer debt* under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting would be clearly inequitable. 11 U.S.C. § 523(d) [emphasis added].

In the facts of this case, the credit union brought suit to have its debt excepted from a discharge under § 523(a)(2) and (6), alleging that the debtor had fraudulently induced the credit union to make a loan and had willfully and maliciously converted its collateral. There was some pre-trial discovery had, although the record indicates that it was not extensive, and the matter was set down for trial.

On the day of trial, counsel for the credit union indicated that he would not proceed on his fraudulent inducement count, but only on the count alleging willful and malicious conversion. After an extensive trial, this Court ruled in favor of the debtor and declared the debt to the credit union dischargeable. 10 B.R. 262. The Court's order made no provision for the assessment of costs or attorney's fees, and neither party sought to modify or appeal that order.

The debtor, by separate complaint [1], now seeks the imposition of costs and attorney's fees pursuant to § 523(d), and argues that the debt involved was a consumer debt and that, even though there was no evidence at the trial on the § 523(a)(2) count, he is nevertheless entitled to the relief he requests because he had to prepare a defense to that count.

## DISCUSSION

The legislative history related to the passage of § 523(d) states:

> The purpose of the provision is to discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees. *House R.* No. 95–595, 95th Cong., 1st Sess. (1977) 365, U.S. Code Cong. & Admin.News 1978, p. 5787, 6321.

I would agree with the debtor that § 523(d) does not require a judgment on the dischargeability of a debt under subsection (a)(2) for the court to award costs and reasonable attorney's fees. If the purpose is to discourage the *initiation* of such complaints for the purpose of obtaining a settlement, the section must be made applicable to any action initiated under § 523(a)(2) which involves a consumer debt, and not just to those actions which result in an affirmative judgment.[2] Any other reading of the statute would permit creditors to press their complaints in the hopes of a settlement and, if none appeared, to withdraw their claim prior to judgment. If the statute is to provide the necessary discouragement, and the language of the statute is consistent with this finding, all that is needed for the invocation of § 523(d) is a "request" for a

determination of dischargeability of a consumer debt under § 523(a)(2).

However, there is a burden placed upon the debtor in all of this. He must request the assessment of costs and attorney's fees, or waive his rights. See *In re McKinney*, 18 B.R. 607, 8 B.C.D. 1080 (Bktcy.M.D.Ga.1982), where it was held that the debtor's failure to request recovery of costs and attorney's fees led the court to assume that the debt involved was commercial rather than consumer. Here the debtor did request such costs and fees in his Answer. He has the additional burden, however, of establishing by a fair preponderance of the evidence that the debt in question was a consumer debt. While many cases such as this might require little if any proof in that regard if it is already clear that what is involved is a consumer debt, the facts in this case were extremely contradictory. The loan which was the subject of the debt was used for the purchase of a 1976 Chevrolet Fleetside Pick-Up Truck. While that seems innocent enough in and of itself, the debtor was shown to be in the business of buying and selling used automobiles. The truck in question was bought with the proceeds of the loan in December, 1977 and sold several months later. While the debtor testified that he drove the truck "all over", that he used it for his own personal use, such as transportation to and from work, and that it was his sole means of transportation, it is equally as likely that the credit union may have rebuttal testimony or evidence to suggest that in fact the loan was a commercial debt rather than a consumer debt.[3]

Finally, there is the manner in which the debtor's request is brought before the Court. Although attorney's fees were

---

**1.** In his original Answer to the initial complaint, the debtor requested the imposition of costs and attorney's fees, but did not state any specific grounds for their assessment.

**2.** In this case, the plaintiff could not have voluntarily withdrawn its count under subsection (a)(2) without leave of court, since the debtor had already answered, and the court could have properly rendered judgment on that count for the defendant-debtor and then assessed

costs and a reasonable fee. *cf., In re Begley*, 12 B.R. 839, 7 B.C.D. 1229 (Bktcy.D.Conn.1981), which reached the same conclusion, but on different grounds.

**3.** It seems unlikely in this case, since the credit union's own officer testified that it does not make commercial loans. Nevertheless, the standard is that of 11 U.S.C. § 101(7), and not the credit union's business practices.

asked for in his Answer, the debtor did not act when the Court failed to award the same. He did not move to amend the Court's Judgment nor did he appeal it. Instead, he waited 30 days and filed a separate complaint. The credit union argues that the complaint is untimely and improper. The debtor asserts that he could not request the imposition of attorney's fees until the appeal period had run and the judgment had become final.

The problem is essentially created by the lack of procedural guidance in § 523(d). That section is new to the bankruptcy law, and requires the court to assess costs and a reasonable attorney's fee under certain circumstances, but does not specify when or how that determination is to be made. At least some courts have held that unless the debtor requests recovery of costs and attorney's fees, the court shall assume that the debt involved was commercial rather than consumer. *In re McKinney*, supra. This Court, in *In re Schlickman*, 7 B.R. 139, 7 B.C.D. 30, 3 C.B.C.2d 296 (Bktcy.D.Mass. 1981), at a time when there were no reported cases under § 523(d), permitted counsel for the debtor to request the assessment of costs and attorney's fees by motion following the judgment. In accord, *In re Folster*, 8 B.C.D. 755 (Bktcy.D.Hawaii 1982); *In re Majewski*, 7 B.R. 904, 7 B.C.D. 112 (Bktcy. D.Conn.1981).

■ This Court is of the opinion, and I so hold, that henceforth awards under § 523(d) shall be made only when they are requested in the debtor's answer to a non-dischargeability complaint. In adopting the rule of *Majewski* I conclude that such a procedure might facilitate early dismissals of perilously weak complaints and shall alert the parties and the Court to the debtor's position that what is involved is a consumer debt. Furthermore, if § 523(d) is to have its stated discouraging effect, its alleged applicability should be brought to everyone's attention at the outset of the case. Therefore, debtors who do not request such an award initially shall not be permitted to do so after judgment. Otherwise, § 523(d) is capable of misuse by debtor's counsel

who, knowing of the statute, might use it punitively against an unknowing creditor's attorney, even though the complaint may have been brought in the utmost good faith. Since the award under § 523(d) is largely nondiscretionary (See *Schlickman*, supra), it seems only equitable to require the disclosure of the debtor's intent to request the same at the earliest possible time.

■ However, it should be noted that the debtor is not entitled to an award under § 523(d) unless he is successful in defending the suit under § 523(a). Therefore, it seems pointless to require him to establish, by testimony or evidence at trial, his entitlement thereto until a judgment is rendered in his favor. Any other conclusion might lead to much needless court time and attorney expense on the question of a consumer debt which, if judgment is rendered for the complaining creditor, would be non-compensible to the debtor. Therefore, I hold that if the debtor has properly requested an award under § 523(d) in his answer to the complaint, he shall be permitted, within 10 days of a decision thereon, to file a motion for the assessment of such costs and attorney's fees, with accompanying affidavits, which motion shall be granted unless there is interposed a response to the motion by the complaining creditor within five days of the motion. If such a response is filed, the court would then set the matter down for an evidentiary hearing.

■ Having thus established what I feel is the most equitable procedure to be followed in these types of cases, absent a specific new Bankruptcy Rule to the contrary, I turn now to the case at hand. The debtor here did request the assessment of costs and attorney's fees in his Answer, although he made no specific reference to § 523(d). Moreover, because there was no clearly established procedure for processing such a request, I cannot now say that his complaint was untimely or procedurally improper, even though it would be so under the new guidelines established today. Therefore, I feel it is equitable to permit the debtor's complaint to be treated as a motion for the assessment of costs and at-

torney's fees. Further, in lieu of an Answer, the credit union shall have five (5) days from the date of this decision to file a response to the complaint which, if filed, will require further hearing. Although the debtor, I'm sure, feels that he has introduced unrebutted testimony at trial tending to show that the debt in question was a consumer debt, I nevertheless feel it equitable to permit the credit union an additional opportunity to rebutt that testimony, particularly since the credit union had no way of knowing at the time of trial whether it was required to rebutt, and because I have since decided that the better procedure is to leave such issues until after judgment is rendered.

In conclusion, I note that this decision was necessitated by the absence of any bankruptcy rule connected with § 523(d). However, the matter of new Bankruptcy Rules is under study by the U. S. Supreme Court, and it is my hope that the court shall supplant this decision with a uniform bankruptcy rule of its own. Judgment shall enter in accordance with this decision.