In re Kevin Lee NEAL, Debtor.

HOUSEHOLD FINANCE
CORPORATION,
Plaintiff,

v.

Kevin Lee NEAL, Nelson C. Cohen,
Trustee, Defendants.

Bankruptcy No. 83-1-0255.
Adv. No. 83-0575A.

United States Bankruptcy Court,
D. Maryland.

Nov. 17, 1983.

Gregory Johnson, Landover, Md., for defendant/debtor.

John Chillas, Frederick, Md., for plaintiff.

Nelson Cohen, Trustee of the estate.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Plaintiff Household Finance Corporation seeks a declaration that the $2,433.78 debt owed to it by Kevin Lee Neal is nondischargeable. 11 U.S.C. § 523(a)(2) provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

The facts of this case are simple and for the most part undisputed. Debtor works for IBM as a marketing representative. In August, 1981, he was transferred by IBM from the West Coast to the East Coast. On April 10, 1981, he filed in the United States Bankruptcy Court for the Northern District of California a voluntary petition under Chapter 7. His counsel was Dianne M. Millner. Her affidavit dated September 8, 1983 (defendant's Exhibit No. 3), details the fate of the California proceeding:

"I, Dianne M. Millner, declare as follows:

1. I am an attorney licensed to practice law in the state of California. I am a partner in the law firm of Millner & McGee.

2. On April 10, 1981, our firm filed a Chapter 7 petition for Kevin Lee Neal in the Bankruptcy Court for the Northern District of California.

3. I personally examined the court file in this matter on September 6, 1983. The file indicates that the court granted Mr. Neal's application to pay the filing fee in installments.

4. Mr. Neal attended the Section 341(a) hearing on June 4, 1981.

5. My examination of the Bankruptcy Court's file on September 6, 1983 indicated that Mr. Neal told the court clerk at the § 341(a) hearing that his address had been changed to 600 Oak Street No. 4, San Francisco, California.

6. The Court file indicates that an Order to Show Cause why Mr. Neal's petition should not be dismissed for non-payment of filing fee was sent to the bankruptcy trustee and to the debtor at 600 Oak Street No. 14, San Francisco, California. The OSC was not sent to our firm. The OSC required Mr. Neal to personally appear on October 15, 1981 to show cause why the petition should not be dismissed for nonpayment of the filing fee.

7. The Court file indicates that the debtor did not appear and that an Order of Dismissal was entered on November 24, 1981. When our office received a copy of the Order of Dismissal, we sent a copy to Mr. Neal's last known address.

8. Mr. Neal's discharge hearing was set for November 16, 1981. To the best of my knowledge, according to local practice, attorneys and debtors were not required to appear at discharge hearings unless the debtor wished to enter into a reaffirmation agreement or unless there was other unusual business. Our firm did not prepare any reaffirmation agreement or other motion for Mr. Neal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Dated  9–8 , 1983          /s/
                    DIANNE M. MILLNER"

Debtor moved to the Metropolitan Washington area. In July, 1982, he applied for an HFC loan to finance a vacation. He did not mention the previous bankruptcy on the loan application as the application did not request such information. The court finds

that he stated that he lived in Reston four months prior to moving to his present address and that there was no misstatement concerning his residence. Debtor did not know that there was any problem with the California proceeding prior to being contacted by a California creditor some time after the consummation of the HFC loan.

Household Finance Corporation would not have made the loan had it known of either the California proceeding or the outstanding debts that had not been discharged. Debtor submitted a materially false financial statement that was reasonably relied upon by HFC. However, the false statement was published in good faith. Debtor believed at the time he made the statement that it was accurate. He did not act recklessly or in wanton disregard of the truth or falsity of the facts stated. *In re Hospelhorn,* 5 CBC 2d 660, 663 (Bkrtcy.S.D. Ohio 1981). He acted on the representation of counsel that the case was concluded in that he did not have to appear for a hearing pursuant to § 524(d) to ascertain whether or not a discharge has been granted.

The admittedly false statements made here relate to the financial condition of debtor and are governed by § 523(a)(2)(B). *Blackwell v. Dabney,* 702 F.2d 490, 492 (4th Cir.1983). The central issue is the intent to deceive. This element was described thoroughly in *In re Magnusson,* 14 B.R. 662, 669, 8 BCD 708 (Bkrtcy.N.D.N.Y.1981):

> Assuming arguendo that reasonable reliance was shown, the last element of requisite proof for the Credit Union is clear and convincing evidence of the Debtor's "intent to deceive" when executing his Application. See, 11 U.S.C. 523(a)(2)(B)(iv). Obtaining credit by a materially false financial statement will prevent bankruptcy discharge if the bankruptcy-debtor either (1) had actual knowledge of the falsity of the statement, or (2) demonstrated reckless indifference to the accuracy of the facts stated therein. *Matter of Bardwell,* 610 F.2d 228, 229 (5th Cir.1980); in accord, *In re Paul L. Barrett,* 2 B.R. 296, 298 (Bkrtcy. E.D.Pa.1980) (re: Bankruptcy Act of

1898, § 17(a)(2). Where a person knowingly or recklessly makes a false representation which the person knows or should know, will induce another to make a loan, intent to deceive may logically be inferred. *Carini v. Matera,* 592 F.2d 378 (7th Cir.1979) citing to *In re Nelson,* 561 F.2d 1342, 1346–47 (9th Cir.1977). This inference arises because where a debtor knowingly makes a false statement, he must be held to have intended the natural and necessary consequences of his act. *In re Arnold Jay Norton, Jr.,* 11 B.R. 141, 145 (Bkrtcy.D.Vt.1980) citing to *In re Stine,* 60 F.Supp. 703 (E.D.Mo.1945). A finding of an "intent to deceive" is a finding of fact relating to a subjective state of mind wherein the bankrupt's credibility is an important factor. See, *In re Nelson, supra,* at 1347; in accord, *In re William K. McGrath,* 7 B.R. 496, 498 ( [D.C.] S.D.N.Y.1980).

The court finds the creditor has made a prima facie showing of a false statement upon which the creditor relied. The debtor has gone forward and has rebutted that showing. *In re Magnusson, supra; In re Martin,* 698 F.2d 883, 887, 888 (7th Cir.1983) (Debtor required to furnish "at least a minimally credible explanation of his actions"). The court finds that at the time debtor submitted his list of debts, the debtor believed that the debts were as stated.

Under § 523(d) a prevailing debtor in a § 523(a)(2) action is entitled to a reasonable attorney's fee for the proceeding unless the granting of the judgment would be "clearly inequitable." Because the debtor made no such request in either his answer or "supplementary answer," the court need not reach the issue of whether such award would be inequitable. See *In re Finnie,* 21 B.R. 368, 370 (Bkrtcy.Mass.1982); *Matter of Majewski,* 7 B.R. 904, 907, 7 BCD 112 (Bkrtcy.Conn.1981).

Two additional points are of interest. The California case was dismissed for nonpayment of filing fees after counsel had received her compensation. Rule 107, which was the predecessor to Bankruptcy Rule 1006, provided:

## Rule 107. FILING FEES

(a) *General Requirement.* Except as otherwise provided in subdivision (b), every petition shall be accompanied by the prescribed filing fees.

(b) *Payment of Filing Fees in Installments.* An order will be entered in accordance with this opinion.

(1) *Application for Permission to Pay Filing Fees in Installments.* A voluntary petition shall be accepted for filing by the clerk of the district court if accompanied by an application signed by the petitioner for permission to pay the filing fees in installments. The application shall state that the applicant is unable to pay the filing fees except in installments, the proposed terms of such installment payments, and that the applicant has paid no money and transferred no property to his attorney for services in connection with the case. The application shall be filed in duplicate, one copy for the clerk and one for the bankruptcy judge.

\* \* \* \* \* \*

(3) *Postponement of Attorney's Fees.* Filing fees must be paid in full before the bankrupt may pay his attorney for services in connection with the case.

This counsel erred in receiving compensation, if in fact she was paid by Mr. Neal, prior to the payment of the filing fee.

The practice of requiring debtors to attend § 524(d) hearings has been widely condemned as unnecessary and burdensome. Nevertheless, if such a hearing had been required in the former case, the particular mischief of this case would not have taken place. But cases such as the one at hand are rare. This court still questions the necessity for a graduation ceremony in the absence of a reaffirmation agreement.

An order will be entered in accordance with this opinion.