CONTIE, Circuit Judge.
Thorp Credit, Inc. (Thorp) appeals from a district court judgment upholding an award of attorney’s fees by the bankruptcy court to defendants pursuant' to § 523(d) of the Bankruptcy Code, 11 U.S.C. § 523(d). The sole issue on appeal is whether the bankruptcy court erred as a matter of law in awarding attorney’s fees to the debtors in this case. For the reasons set forth below, we affirm.
Thorp was a consumer-creditor of the Carmens. In August 1981, the Carmens filed their bankruptcy petition.[1] In September 1981, Thorp filed a complaint pursuant to 11 U.S.C. § 523(a)(2)(B) to determine the dischargeability of a debt owed by the Carmens. Section 523(a)(2)(B) provides *17 that a debt will not be discharged if the debtor incurred it by means of a written statement: (1) that is materially false; (2) respecting the debtor’s financial condition; (3) on which the creditor reasonably relied; and (4) that the debtor caused to be made with intent to deceive. The bankruptcy court found that Thorp had proven the first three elements of its § 523(a)(2)(B) claim, but had produced no evidence of the debt- or’s intent to deceive. Accordingly, the debt was discharged. Thorp did not appeal this judgment. Thereafter, the debtors filed a motion for attorney’s fees pursuant to 11 U.S.C. § 523(d). That section provides that:
(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney’s fee for, the proceeding to determine dis-chargeability, unless such granting of judgment would be clearly inequitable.
The bankruptcy court granted the debtors’ motion after ruling that it would not be clearly inequitable to award attorney’s fees in this case. The district court affirmed this judgment and Thorp appeals.
The Bankruptcy Act of 1898 did not contain a provision for granting costs and attorney’s fees to a debtor who prevailed in a dischargeability proceeding. Accordingly, a creditor who brought suit under the false statement exception to discharge had “everything to gain and nothing to lose.” In Re Schlickmann, 7 B.R. 139, 140 (Bkrtcy.D.Mass.1980). In many instances, the mere threat of litigation was enough to induce an honest debtor to settle for a reduced sum in order to avoid the costs of such an action. See H.R.Rep. No. 595, 95th Cong., 2d Sess. 131, reproduced in 1978 U.S.Code Cong. & Ad.News 5963, 6092. In an attempt to balance the scales in this area, Congress enacted § 523(d) “to discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an honest debt- or anxious to save attorney’s fees.” H.R. Rep. No. 595, 95th Cong., 2d Sess. 365, reproduced in 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6321. Under this section, the debtor is entitled to costs and a reasonable attorney’s fee for dischargeability actions brought under 11 U.S.C. § 523(a)(2) if the creditor initiates the proceeding and the debt is ultimately discharged. The only exception to this statutory directive is if the bankruptcy court determines that such an award would be “clearly inequitable.” 11 U.S.C. § 523(d). Once it is determined that the debt is dischargeable, the unsuccessful creditor has the burden of proving that the imposition of attorney’s fees would be clearly inequitable. In Re Lane, 12 B.R. 455, 457 (Bkrtcy.N.D.Ohio 1981); Household Finance Corp. v. McClane, 8 B.R. 666, 668 (Bkrtcy.S.D.Ohio 1981); Matter of Majewski, 7 B.R. 904, 907 (Bkrtcy.D.Conn.1981).
Since Thorp did not appeal the judgment from the initial dischargeability proceeding, it cannot and, in fact, does not challenge the bankruptcy court’s finding that it produced no evidence of the debtors’ intent to deceive. Instead, Thorp urges this court to rule that an award of attorney’s fees under § 523(d) is not warranted if the creditor proves that its claim is not frivolous and is brought in good faith. See In Re Rauch, 18 B.R. 99, 100 (Bkrtcy.W.D.Mo.1982); Matter of Wetmore, 8 B.R. 629, 630 (Bkrtcy.M.D.Fla.1981). Thorp further argues that it has satisfied this standard by proving three of the four statutory elements of its § 523(a)(2)(B) claim.
We believe, however, that the statutory history of § 523(d) specifically refutes Thorp’s interpretation. The Senate version of § 523(d) provided that the prevailing debtor “may” be awarded costs and a reasonable attorney’s fee if the court found that the dischargeability proceeding was “frivolous” or not brought by the creditor in “good faith.” S.Rep. No. 989, 95th Cong., 2d Sess. 80, reproduced in 1978 U.S.Code Cong. & Ad.News 5787, 5866. The House version mandated an award of costs and attorney’s fees to a prevailing debtor and permitted an award for any actual pecuniary damages to the debtor resulting from *18 such proceedings. H.R.Rep. No. 595, 95th Cong., 2d Sess. 365, reproduced in 1978 U.S. Code Cong. & Ad.News 5963, 6321. The final enacted version of § 523(d) eliminated the House provision for awarding actual pecuniary loss to the debtor and replaced the Senate version’s “frivolous/lack of good faith” language with a statement that costs and a reasonable attorney’s fee must be awarded “unless such granting of judgment would be clearly inequitable.”
It is clear that Thorp is actually asking this court to adopt the “frivolous/lack of good faith” standard from the original Senate version of § 523(d).[2] Since this language was specifically omitted from the final version of § 523(d), we hold that the issue of whether to award attorney’s fees under § 523(d) is not dependent upon a finding of frivolity or bad faith on the part of the creditor. See Matter of Majewski, 7 B.R. at 905; In Re Schlickmann, 7 B.R. at 141.
When Thorp brought its § 523(a)(2)(B) claim, it presumably was aware of the requirement that it must produce evidence on each statutory element in order to prevail. Thorp was also aware that, except in cases of clear inequity, § 523(d) clearly mandates an award of attorney’s fees to the debtor if the creditor does not prevail. In this case, the bankruptcy court found that Thorp had failed to produce any evidence on the element of intent to deceive, which even Thorp acknowledges is “the primary element in a determination of a § 523(a)(2)(B) claim, While we do not believe the creditor’s complaint was frivolous or filed in bad faith, we find no clear inequity in a fee award under § 523(d) when a creditor fails to make out even a colorable claim on the issue of intent.[3] Compare In Re Folster, 17 B.R. 171, 172 (Bkrtcy.D.Haw.1982) (fees awarded due to creditor’s failure to prove debtor’s intent to deceive) with In Re Archangeli, 6 B.R. 50, 53 (Bkrtcy.D.Me.1980) (fee award denied due to creditor’s proof of debtor’s intent to deceive). Absent a finding of clear inequity, § 523(d) does not provide for judicial discretion in this matter. Matter of Kohl, 18 B.R. 670, 672 (Bkrtcy.W.D.Wis.1982); In Re Schlickmann, 7 B.R. at 141. Since Thorp has not borne its burden of proving that the award of attorney’s fees was clearly inequitable, we hold that the bankruptcy court was required to award fees in this case.
Accordingly, the judgment of the district court is Affirmed.

. Defendants were subsequently discharged from bankruptcy on November 4, 1981.

. This standard is little more than a statement of the bad faith exception to the “American Rule” on attorney’s fees. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 258-59, 95 S.Ct. 1612, 1616, 1622-23, 44 L.Ed.2d 141 (1975) (absent a statute or enforceable contract, a prevailing party is not entitled to collect attorney’s fees from the losing party unless the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons).

. The dissent contends that the majority opinion has made it almost impossible for a creditor who has shown “clear circumstantial proof of intent to deceive” to avoid payment of attorney’s fees under § 523(d). We respectfully disagree. The creditor in this case could have pursued a direct appeal from the initial dis-chargeability decision. Such an appeal would provide the proper forum for an attack on the bankruptcy court’s factual findings. Since the creditor did not pursue a direct appeal, the creditor is collaterally estopped from relitigat-ing the bankruptcy court’s prior finding that the creditor produced no evidence of debtors’ intent to deceive. See generally Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); Commissioner v. Sunnen, 333 U.S. 591, 597-98, 68 S.Ct. 715, 719-20, 92 L.Ed. 898 (1948). We also note that the dissent raises this issue sua sponte since the creditor does not challenge the bankruptcy court’s finding in its appellate brief.