**In re A. Glenn WATSON, Debtor.**

**COMMERCE UNION BANK OF SUMNER COUNTY, Plaintiff,**

v.

**A. Glenn WATSON, Defendant.**

**Bankruptcy No. 383–00636.
Adv. No. 383–0211.**

United States Bankruptcy Court, M.D. Tennessee.

Nov. 13, 1984.

G. Wayne Detring, Nashville, Tenn., for debtor.

Tim Takacs, Hendersonville, Tenn., for plaintiff.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

In this adversary proceeding, the plaintiff, Commerce Union Bank of Sumner County, sought a determination that two debts owed by the debtor were non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (6) (West 1979). Of the two debts challenged, one concerned a business loan for the purchase of an International Harvester dozier and the other concerned a debt secured by the debtor's pleasure motor boat and trailer. At the hearing of this matter on March 9, 1984, the court found the debts in question to be dischargeable and the plaintiff's complaint was dismissed. The only issue remaining before the court is a determination of the proper compensation for the debtor's attorney pursuant to 11 U.S.C. § 523(d) (West 1979). Upon consideration of the evidence presented, exhibits, briefs of the parties, statement of counsel, and the entire record, the court concludes that the debtor's attorney is entitled to fees in the amount of $3,107.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The parties have agreed that the adversary proceeding in question concerned two separate debts. One debt was a business debt involving a dozier, while the other debt was a consumer debt involving a boat, motor, and trailer. The plaintiff has objected to the attorney's fees requested by the debtor's attorney on two grounds. First, the plaintiff has claimed that since it sought a determination that the consumer debt was non-dischargeable under only § 523(a)(6) (West 1979), the debtor is not entitled to attorney's fees. Second, the plaintiff submits that if the debtor is entitled to attorney's fees, he should only be awarded a portion of the fees requested since the adversary proceeding included both the determination of the dischargeability of a consumer debt as well as the determination of the dischargeability of a business debt.

The plaintiff, in its complaint, raised a number of issues. Among its primary allegations, the plaintiff claimed that the debtor fraudulently disposed of the boat, motor, and trailer, impairing the plaintiff's security interest. The pre-trial order framed the issue relative to the boat, motor, and trailer as a determination of whether the debtor converted the plaintiff's collateral within

the meaning of 11 U.S.C. § 523(a)(6) (West 1979). After the trial on this matter, the court, in a written decision, held that the plaintiff failed to meet its burden of proving that the debtor either converted the boat, motor, and trailer willfully and maliciously within the meaning of 11 U.S.C. § 523(a)(6) (West 1979) or that the defendant committed fraud in regard to the boat, motor, and trailer within the meaning of 11 U.S.C. § 523(a)(2) (West 1979).

On April 25, 1984, the debtor's attorney filed an affidavit in support of a fee request in the amount of $2,918.50. Pursuant to an order by this court, the debtor's attorney amended his affidavit to include time spent relative to his request for attorney's fees and to exclude time related solely to the non-consumer debt aspect of the adversary proceeding. The debtor's attorney identified 7.3 hours of time which was not related to the issue of dischargeability of the consumer debt. Accordingly, the applicant requested compensation for 47.8 hours at $65 per hour, for a total of $3,170.

Under 11 U.S.C. § 523(d) (West 1979), this court is required to grant a judgment against a creditor and in favor of the debtor for reasonable attorney's fees incurred in successfully defending a challenge to the dischargeability of a consumer debt under 11 U.S.C. § 523(a)(2) (West 1979).[1] A recent 6th Circuit case holds that, absent a finding of clear inequity, no judicial discretion is permitted in determining whether or not attorney's fees should be awarded under § 523(d). *Thorp Credit, Inc. v. Carmen*, 723 F.2d 16 (6th Cir.1983); *First Service Corporation v. Schlickmann*, 7 B.R. 139 (Bankr.D.Mass.1980). Since the parties have stipulated that the allegations relating to the boat, motor, and trailer concern the dischargeability of a consumer debt, the first issue this court must resolve is whether these allegations are pursuant to 11 U.S.C. § 523(a)(2) (West 1979).

Dischargeability is denied under § 523(a)(2) if a debtor obtains money by false pretenses, a false representation, or actual fraud.[2] In the present case, the complaint alleged that the debtor misrepresented his ownership interest or rights in the boat, motor, and trailer, thereby fraudulently inducing the plaintiff to extend him credit. After a trial on the merits, the court specifically held that the debtor had not committed any fraud on the plaintiff in regard to the boat, motor, and trailer within the meaning of § 523(a)(2). Accordingly, the court holds that the plaintiff did in fact request and receive a determination of the dischargeability of a consumer debt under § 523(a)(2).

The second issue raised by the plaintiff is whether or not the debtor's attorney may be compensated for time which relates to both a determination of dischargeability of a consumer debt under § 523(a)(2) and a determination of the dischargeability of a non-consumer debt. The affidavits submitted by the debtor's attorney establishes that the time for which compensation is requested related to defense of the dischargeability of the consumer debt. No compensation is requested for time which is attributable solely to the nonconsumer debt issues.

In analyzing this problem, the court received some guidance from the manner in

---

**1.** 11 U.S.C. § 523(d) (West 1979) provides in relevant part:

"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable."

**2.** 11 U.S.C. § 523(a)(2) (West 1979) provides in relevant part:

"(a) A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . ."

which federal courts have awarded attorney's fees in similar circumstances under the Civil Rights Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988. In the case of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court dealt with the issue of whether a partially prevailing civil rights plaintiff may recover attorney's fees on related but unsuccessful claims.

Since many of a civil rights plaintiff's claims for relief involve a common core of facts, the Court, in *Hensley*, noted that the counsel's time would be "... devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940, 76 L.Ed.2d at 51. As a result, the Court held, the trial court cannot view the litigation as a series of discrete claims, but must focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended. Thus, when a plaintiff obtains excellent results, the attorney should receive full compensation. When a plaintiff is unsuccessful on certain claims, the denial of fees is contingent on the finding that these claims are "distinctly different claims", i.e. based on "different facts and legal theories" than the successful claims. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940, 76 L.Ed.2d at 51. *See Devine v. Sutermeister*, 733 F.2d 892, 897 n. 4 (D.C.Cir. 1984); *Grendel's Den, Inc. v. Larkin*, 582 F.Supp. 1220, 1227 (D.Mass.1984); *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania*, 581 F.Supp. 1412, 1420 (E.D.Pa.1984).[3]

In the present case, the plaintiff alleged that the debtor pledged security which it did not own as a means of persuading the bank to loan funds for both a business debt and for a consumer debt. Due to the interrelated nature of the claims and due to the common facts, the issues were tried together. At the conclusion of the trial, the debtor prevailed on all issues and both the business debt and consumer debt were found to be dischargeable. Due to the unquestioned success of the debtor and the interrelated nature of the claims, the court finds that it would be impossible to allocate the time requested between the consumer debt and the non-consumer debt. Based on these considerations, the court determines that the debtor is entitled to be compensated for the full 47.8 hours of time spent in this litigation.

The debtor's attorney has requested an hourly rate of $65 per hour. The plaintiff has not objected to this rate, and the court finds that this rate is both fair and reasonable. Accordingly, the court will enter an order awarding the debtor attorney's fees for 47.8 hours at the rate of $65 per hour, for a total amount of $3,107.

IT IS, THEREFORE, SO ORDERED.

---

3. The court in *Hensley* held that the standards set forth in its decision were generally applicable to all cases in which Congress authorizes an award of fees to a "prevailing party". *Hensley*, 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7, 76 L.Ed.2d at 50 n. 7. Since § 523(d) is a congressional mandate allowing the award of attorney's fees to a prevailing debtor, this court is convinced that the standards enunciated in *Hensley* are appropriately applied in § 523(d) cases.