In re Gordon Walker **LINDAMOOD,**
**Sr., Debtor.**

**B. W. FRAZIER, Plaintiff,**

v.

**BANK OF VIRGINIA and Eugene L.
Nuckols and James E. Nunley,
Trustee, Defendants.**

**Bankruptcy No. 7–81–01280.
Adv. No. 7–82–0018.**

United States Bankruptcy Court,
W. D. Virginia,
Abingdon Division.

April 19, 1982.

Richard A. Money, Marion, Va., for debtor.

James E. Nunley, Bristol, Va., trustee.

John Roger Thompson, Wytheville, Va., for plaintiff.

Eugene L. Nuckols, Pulaski, Va., pro se. and for Bank of Virginia.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court involves the question of the applicability of the stay of 11 U.S.C. § 1301 in this Chapter 13 case.

The Debtor, Gordon Walker Lindamood, Sr. is a federal employee in the position of administrative assistant to the Congressman in his District. Additionally, the Debtor was a co-owner of an automobile dealership in the town of Pulaski, Virginia, which was having financial difficulties due to the economic slow-down in the automobile industry generally in recent years. The Debtor was an acquaintance and political associate of B. W. Frazier, the Plaintiff herein. While attending a political gathering in Wytheville, Virginia in May of 1980, the Debtor approached Frazier with the request that he endorse as co-maker a ninety-day note in the principal sum of $20,-000.00. Frazier testified that he agreed to endorse the note which was tendered to him and not knowing where to endorse the same signed his name on the back thereof; that it was intended as a personal favor of the Debtor and that he knew nothing of the Debtor's businesses or their financial condi-tion and that the note was endorsed as a personal note of the Debtor. The evidence further showed that Frazier had never had business dealings with the Debtor nor was involved in any business transactions with the Debtor.

Sometime thereafter when the note was due, the Debtor contacted Frazier for a renewal endorsement which was done. The first note was printed upon blue paper and the second note upon white paper. Although the note designated across the top "commercial loan note" this was not noticed by Frazier and since the original note was not entered into evidence except a sample copy thereof, whether or not the original note had the wording thereon is not shown. The Debtor in soliciting the endorsement simply advised Frazier that he needed some money and the matter of the automobile business was not discussed. The money in whole or in part found its way into the automobile dealership business to bolster its business activities.

The interest rate on the note was prime plus 1% and the Defendant, Bank of Virginia solicited in support of the endorsement of Frazier a financial statement reflecting Frazier's net worth of several hundred thousand dollars.

The issue simply is whether or not the obligation endorsed is a debt within the meaning of and contemplated by the provisions of 11 U.S.C. § 1301.[1]

In the *Bankruptcy Reform Act of 1978*, Chapter 13, the Congress recognized one of

---

1. § 1301. *Stay of action against codebtor.*

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

(b) A creditor may present a negotiable instrument, and may give notice of dishonor of such an instrument.

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by such stay.

the difficult problems in the rehabilitation of Chapter 13 debtors was the need for a stay of co-debtors. Previously under the Old Act the courts were divided in holding that a Chapter XIII co-debtor could have the benefit of an injunction against creditors who held endorsed obligations when the debtor filed a Chapter XIII case. *See House Report* at 121, 426, U.S.Code Cong. & Admin.News 1978, p. 5787. The inability of this Court to stay or enjoin actions against endorsers of debtors by their creditors resulted in many Chapter 13s being converted or dismissed or never being filed in the first instance. The Congress in recognition of this impediment, set forth in the very first section of Chapter 13, 11 U.S.C. § 1301 a stay of actions against co-debtors under the provisions as set forth therein.

In addition to the foregoing stay provision the Congress greatly broadened the statutory jurisdiction from what was formerly known as "Wage Earner Proceedings" to that designated now as "Adjustment Of Debts Of An Individual With Regular Income". Broadening these provisions not only provided relief for "wage earners" but also for any individual with regular income. This enlargement included persons engaged in a business within the limitation set forth in 11 U.S.C. § 109(e) wherein the maximum indebtedness which the individual can have in a Chapter 13 case is $100,-000.00 unsecured debts and $350,000.00 secured debts. Debtors with debts in excess of these amounts must utilize the provisions of Chapter 11 which is available for both individual and corporate debtors.

By expending the Chapter 13 jurisdiction, the Congress provided specific limitation in the stay. The debt upon which the co-debtor is obligated must also be a "consumer debt" as defined by 11 U.S.C. § 101(7). The definition distinguishes between a "business debt" which may be due because of the expanded jurisdiction of Chapter 13 cases, and a debt that is personal, family, or household purpose. *See Collier on Bankruptcy 15th Edition* § 13.01[3].

■ The indebtedness upon which Frazier endorsed in this case, viewed in light of the law applicable thereto, we find it is clear that the protection of § 1301 is not only for the benefit of the debtor but also the co-debtor. A co-debtor thinking that his endorsement of an obligation is for the personal benefit of the maker rather than an endorsement of a business obligation must be considered in any determination of the application of § 1301. In *Collier, supra* § 1301.01[1] it states:

It was intended primarily for the protection of the principal debtor proceeding under Chapter 13, by insulating that individual from the indirect pressures exerted by creditors on friends, relatives, and fellow employees of the Chapter 13 debtor. The co-debtor stay operates to delay collection efforts against individuals close to the debtor who have obligated themselves on debts incurred by and for the benefit of the Chapter 13 debtor.

Citing *House Reports* at 121–122, 426.

■ Although the funds in question representing proceeds of the loan found their way into the debtor's automobile dealership business, this in and of itself does not change the nature of the obligation from the standpoint of the Debtor and Co-debtor. The note was the personal obligation only of the Debtor. The note was the personal individual obligation of the debtor and the endorsement by Frazier of this individual obligation without any relation whatsoever to a business venture or ventures of the Debtor, does not change the fact. At no time did the parties intend the obligation to be "business oriented". It is only natural to assume that if the note was a business obligation of the debtor's corporation both the Debtor and Co-debtor would have been endorsers upon the primary debt of such business. Instead, it is a personal note of the debtor endorsed as a simple accommodation act of friendship by Frazier.

For the foregoing reasons, the Court concludes that the obligation in question comes within the purview of the stay of 11 U.S.C. § 1301; that the Bank is adequately protected, and an Order accordingly will be so entered.