**In re Edgar L. SWARINGIM and Donna J. Swaringim, Debtors.**

**Edgar L. SWARINGIM, Plaintiff,**

**v.**

**Donna J. SWARINGIM and Donald Goggin and Lucille Goggin, Defendants.**

**Bankruptcy No. 80–02263(2).**
**Adv. No. 83–0540(2).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 23, 1984.

Edward M. Pultz, Farmington, Mo., for plaintiff.

John A. Schneider, Hillsboro, Mo., for defendants.

MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiff, in this adversary proceeding, seeks (1) a determination that any obliga-

tion that he owes Defendants arising from the parties' execution of a promissory note dated November 15, 1971, was discharged by the general discharge granted him by this Court on January 16, 1981, and (2) an order holding Defendants in contempt of court for their alleged violations of the injunctions contained in 11 U.S.C. § 524(a)(2) by instituting two state court proceedings to collect reimbursements for amounts which Defendants Donald and Lucille Goggin have been required to pay on the aforesaid promissory note. Defendant, Donna Swaringim, is Plaintiff's former spouse. Defendants, Donald Goggin and Lucille Goggin, are Plaintiff's former father-in-law and mother-in-law.

The relevant facts are the following:

1. On November 15, 1971, Plaintiff and Defendants executed a promissory note in the amount of $13,776.30. The note by its literal terms is payable to the Citizens Bank of Festus. However, all parties agree that the actual payee and holder is one Harry Reiter.

2. Plaintiff, Edgar L. Swaringim, testified that prior to the loan, Plaintiff had borrowed $12,000 from Mr. Reiter to purchase a service station but had returned the money when the sale of this business fell through. The original purpose of the loan from Mr. Reiter as evidenced by this note was to purchase a house. However, ultimately only $3,000 of the loan proceeds were applied toward the purchase price of a house. Another $1,200 was used to purchase carpeting for the newly purchased house but the remaining portion of the loan proceeds were, in turn, advanced to Defendants, Donald and Lucille Goggin. The parties disagree somewhat as to whether the Goggins entirely repaid this amount. However, that issue is immaterial and need not be resolved by the Court. Defendant, Donna Swaringim, testified that she thought the original purpose of the loan in question was to purchase a service station. However, the Court must discount her testimony. Edgar Swaringim actually handled the transaction and was in a better position to know the actual course of events at that time than was Donna Swaringim.

3. Plaintiff and Defendant, Donna Swaringim, subsequently went into default on this promissory note. On October 17, 1980, after experiencing financial difficulties, this couple filed a petition for relief under Chapter 7 of the Code. They listed Harry Reiter as a creditor on their schedules but did not list Defendants, Donald and Lucille Goggin, or each other as creditors. Shortly thereafter, Donna Swaringim also filed a petition for dissolution of marriage in St. Francois County, Missouri. On November 5, 1980, the Swaringims entered into a separation agreement. At the hearing held on January 9, 1981, on the dissolution petition, Plaintiff and Donna Swaringim entered into an addendum to the original separation agreement. In this document, Plaintiff agreed to reimburse Mr. and Mrs. Goggin for any amounts they might be required to pay on the promissory note held by Harry Reiter.

4. Plaintiff and Defendant, Donna Swaringim, received their discharge from this Court on January 16, 1981. On February 4, 1981, both Plaintiff and Defendant Donna Swaringim appeared at their discharge hearing. No mention was made or approval sought of the addendum to the separation agreement executed the week before.

5. Under pressure from Harry Reiter, Defendants, Donald and Lucille Goggin, commenced making payments on the promissory note. Apparently, Plaintiff then refused to make any reimbursement to the Goggins for the amounts they were paying.

6. Subsequently, Defendants Goggin filed suit in the Circuit Court of St. Francois County, Missouri, seeking to recover on Plaintiff's agreement to reimburse them contained in the addendum to the separation agreement. Defendant, Donna Swaringim, filed a motion in the same Court to have Plaintiff held in contempt of court for his failure to carry out his agreement in the addendum to the separation agreement.

7. On October 3, 1983, Plaintiff filed the instant proceeding.

## CONCLUSIONS

1. *Were the Plaintiff's obligations to the Defendants arising from their co-execution of the Reiter note discharged?*

■ Although Donald Goggin and Lucille Goggin were not listed as creditors on Plaintiff's schedules, they received actual notice of bankruptcy at the time of its filing or, at least, within a few weeks thereafter. The portions of their depositions read into evidence by Plaintiff contain their admissions on this point. In this case, the last date for filing claims was February 3, 1984, and, therefore, the Goggins certainly had ample time after receiving actual notice within which to file a proof of claim. There is no evidence that the Goggin's claim against Plaintiff would have been nondischargeable under subsections (2), (4), or (6) of section 523 of the Bankruptcy Code. Hence, subsection (3) of that section of the Code is not applicable and Plaintiff's original obligations to the Goggins were discharged.

Defendant, Donna Swaringim's obligation to Harry Reiter and, by the same reasoning, any obligation to her parents was also discharged. Hence, Donna Swaringim can never be legally compelled to repay either Reiter or her parents and, therefore, has no claim under the original note against Plaintiff.

2. *Is the addendum to the separation agreement valid under 11 U.S.C. § 524(c)?*

■ Plaintiff contends that the addendum to the separation agreement executed by him was a reaffirmation of a consumer debt not secured by real property and is, therefore, invalid since it was not approved by this Court.

In the case of *In re Burgess,* 22 B.R. 771 (Bkrtcy.M.D.Tenn.1982), the court found that the definition of "consumer debt" under section 101(7) of the Code included unsecured debts incurred for the purpose of purchasing a home. The fact that most of the loan proceeds in this case were, in fact, advanced to the Goggins does not alter the loan's original classification as a "consumer debt", *see In re Lindamood,* 21 B.R. 473 (Bkrtcy.W.D.Va.1982).

Accordingly, the original debt owed Harry Reiter under the promissory note was a "consumer debt" not secured by real property within the meaning of 11 U.S.C. 524(c) and any obligation of Plaintiff to Defendants Goggin must necessarily also fall within this classification.

11 U.S.C. § 524(c)(4) requires, as a condition of its validity, that any reaffirmation of a consumer debt not secured by real property of the debtor must be approved by this Court.

No mention of the addendum to the separation agreement was ever made to this Court.

Defendants contend that the inclusion of the agreement to reaffirm as part of a separation agreement or property settlement somehow alters its character as a reaffirmation agreement or somehow excepts it from the requirements of section 524(c)(4) of the code. The Court cannot agree.

Congress clearly intended that all reaffirmations of consumer debts not secured by real property be approved by the bankruptcy court. The consideration passing to the debtor for the reaffirmation or the circumstances under which the reaffirmation is made may be factors in the Court's determination of whether the reaffirmation is in the debtor's best interests. However, they do not nullify the requirement of the bankruptcy court's approval.

Hence, the addendum to the separation agreement is invalid under 11 U.S.C. § 524(c).

3. *Should Defendants be adjudged to be in contempt of this Court?*

■ The injunctions contained in 11 U.S.C. § 524(a) against post-petition efforts to collect discharged debts operate as specific orders of this Court and their violation may be the basis of an adjudication of civil contempt of this Court, *In re Worthing,* 24 B.R. 774 (Bkrtcy.D.Conn.1982).

■ Here, the Defendants have filed state court actions to collect an obligation that was discharged. True, the Goggins

were not listed as creditors in the bankruptcy schedules but their actual knowledge of the proceeding from almost its beginning precludes any plea of ignorance on their part.

The Court does surmise that Defendants were obviously mistaken as to the effectiveness of the addendum to the separation agreement and such mistake does save them from any award of punitive damages or from any fine.

However, Plaintiff has been forced to expend considerable legal fees to defend the state actions and to bring the instant proceeding despite their mistake. Defendants must compensate him for these expenses. The Court finds and concludes that Plaintiff has incurred reasonable legal fees and expenses and will enter judgment against Defendants in the amount of $500.00.

Plaintiff also requested compensation of $300 for lost commissions for the two days he has spent in court and away from his occupation as an insurance salesman. However, his testimony on this amount is pure conjecture and is not sufficient as a basis for such an award.

The Court will enter a separate order and judgment consistent with this opinion.