**In re Dave H. BURGESS and Deon Robb Burgess, Debtors.**

**BANK OF COLUMBIA FALLS and James G. Edmiston, Plaintiffs,**

v.

**Dave H. BURGESS and Deon Robb Burgess, Defendants.**

**Bankruptcy No. 381–01183.
Adv. No. 381–0474.**

United States Bankruptcy Court,
M. D. Tennessee.

June 22, 1982.

Larry Edmondson, Nashville, Tenn., for debtors.

J. Michael Jacobs, Nashville, Tenn., for plaintiffs.

### MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This adversary proceeding was commenced by the plaintiffs Bank of Columbia Falls and James G. Edmiston's complaint requesting this court to declare certain debts owed to the plaintiffs by the debtors Dave H. and Deon Robb Burgess nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). At the hearing of this matter on April 21, 1982, the court found the debts in question to be dischargeable and the plaintiffs' complaint was dismissed. The only issue left unresolved by the court is the debtor's application for reasonable costs and attorney's fees pursuant to 11 U.S.C. § 523(d). After consideration of the evidence presented at the hearing, stipulations, briefs of the parties and the entire record, the court finds that the debtors' request for reasonable cost and attorney's fees pursuant to 11 U.S.C. § 523(d) should be granted.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The plaintiffs initiated this action to determine the dischargeability of a debt evidenced by a promissory note executed between the plaintiffs and the debtors in February of 1979. The debtors signed the note in order to obtain a loan from the Bank of Columbia Falls in the amount of $27,086.73. It is undisputed by the parties that the note is unsecured and that the debtors used the loan proceeds to purchase a house and lot which they intended to use as their residence.

After notice and a hearing, the court dismissed the plaintiffs' complaint requesting the court to find the $27,086.73 debt nondischargeable. The debtors now seek reasonable costs and attorney's fees from the plaintiffs pursuant to 11 U.S.C. § 523(d). Section 523(d) provides as follows:

> "(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable."

The only substantial issue between the parties is whether the term "consumer debt" in 11 U.S.C. § 523(d) includes the unsecured debt acquired by the debtors to purchase real property which they intended to use as their home. 11 U.S.C. § 101(7) defines consumer debt as a "debt incurred by an individual primarily for a personal, family, or household purpose." The legislative history of 11 U.S.C. § 101(7) states that the term consumer debt does not include any debt which is *secured* by real property. 124 Cong.Rec.H. 11,090 (Sept. 28, 1978) (remarks of Rep. Edwards). The definition of consumer debt in § 101(7) does not, however, specifically exclude an unsecured debt obtained by an individual to purchase residential real property.

After a careful consideration of the 1978 Bankruptcy Reform Act and its legislative history, this court concludes that the term consumer debt does encompass an unsecured debt incurred by an individual to purchase real property which is intended to be used as his or her home. The legislative history of 11 U.S.C. § 101(7) reveals that the definition of consumer debt was derived from the definition used in various consumer protection laws. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 309, *reprinted in* [1978] U.S.Code Cong. and Ad.News 5787, 5963, 6266; S.Rep.No. 95–989, 95th Cong., 2d Sess. 22, *reprinted in* [1978] U.S.Code Cong. and Ad.News 5787, 5808. Certainly one of the consumer protection laws referred to by Congress is the federal Truth in Lending Act, codified at 15 U.S.C. S., §§ 1601–1693 (Law.Co-op. 1976 & Supp.1982). Cases construing the definition of "consumer" in the Truth in Lending Act, which is virtually identical to the definition of "consumer debt" contained in the Bankruptcy Code, have held that consumer does include a person who purchases real property primarily for a personal, family or household purpose.[1] *See, e.g., Tower v. Moss*, 625 F.2d 1161, 1165–1166 (5th Cir. 1980).

Furthermore, a comparison of 11 U.S.C. § 101(7) and 11 U.S.C. § 722 lends additional support to the proposition that Congress intended "consumer debt" to include unsecured debts acquired by an individual primarily for the purpose of purchasing residential real property. Section 722, which governs the redemption of property by a debtor, provides as follows:

> "An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem *tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt*, if such property is exempted

---

1. 15 U.S.C. § 1602(h) provides as follows:

    "(h) The adjective 'consumer,' used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household, or agricultural purposes."

under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien." (emphasis supplied).

If Congress had intended the definition of consumer debt in 11 U.S.C. § 101(7) to be limited to debts incurred for the purchase of personal property, then Congress would have qualified the term "property" as it did in 11 U.S.C. § 722.

Finally, a broad reading of the term "consumer debt" conforms with the Congressional purpose, as evidenced in both the enactment and legislative history of 11 U.S.C. § 523(d), of deterring creditors from initiating dischargeability proceedings under § 523(a)(2) in the hopes of forcing a favorable settlement from an honest debtor anxious to avoid costs and attorney's fees. H.R.No. 95–595, 1st Sess. 365, *reprinted in* U.S.Code Cong. and Ad.News 5963, 6321; S.Rep.No. 95–989, 95th Cong., 2d Sess. 80, *reprinted in* [1978] U.S.Code Cong. and Ad. News 5787, 5866. For these reasons, the court concludes that the term consumer debt in 11 U.S.C. § 523(d) includes an unsecured debt incurred by an individual to purchase his or her home.

The debtors in this case, having met the criteria set forth in 11 U.S.C. § 523(d), are entitled to a judgment against the plaintiffs for reasonable costs and attorney's fees.

Section 523(d) mandates that this court *shall* award reasonable costs and attorney's fees to the debtors unless the proof demonstrates that such an award would be clearly inequitable. *See Finance Factors, Ltd. v. Folster,* 17 B.R. 171, 171–172 (Bkrtcy.D.Hawaii 1982); *New Britain General Hospital Employees Credit Union v. Begley,* 12 B.R. 839, 843 (Bkrtcy.D.Conn.1981); *Associates Financial Services Co. v. Lane,* 12 B.R. 455, 456–457 (Bkrtcy.N.D.Ohio 1981); *Beneficial Finance Co. v. Majewski,* 7 B.R. 904, 905–907 (Bkrtcy.D.Conn.1981); *First Service Corp. v. Schlickmann,* 7 B.R. 139, 140–141 (Bkrtcy.D.Mass.1980). No evidence has been offered in this case which would indicate that the award of reasonable costs and attorney's fees to the debtors would be clearly inequitable.

Accordingly, an order will be entered granting the debtors reasonable costs and attorney's fees as reflected in the affidavit of the debtors in the amount of $1,096.25.

IT IS THEREFORE SO ORDERED.