CHAPMAN, Circuit Judge:
This appeal presents the question whether debtor John Thomas Blackwell should be granted a discharge in bankruptcy for the amount of certain loans made to the corporation, Studio-1 International Productions, Inc. (Studio-1). Blackwell, who served as president of Studio-1, concedes personal liability for these loans because he had guaranteed repayment of the loans. The district court agreed with the bankruptcy court that the debts were not dischargeable because Blackwell obtained the money by false representations. We reverse because 11 U.S.C. § 523(a)(2)(A) (Supp.1979),[1] while barring discharge for money obtained by false pretenses, false representations or actual fraud, provides an exception where representations made were “statement[s] respecting the debtor’s or an insider’s financial condition.” Id. Such statements fall within the purview of 11 U.S.C. § 523(a)(2)(B) which expressly provides that the statements be written. Since Blackwell’s statements to plaintiffs were oral and concerned the financial condition of the corporation, an insider under the law, they are not encompassed by § 523(a)(2) and may not be relied on by his creditors to prevent his discharge in bankruptcy.
I
Blackwell filed a voluntary petition in bankruptcy in the fall of 1981. From about 1976 until 1980 he and other Studio-1 principals participated on a part-time basis in the activity of the corporation, the promotion of rock concerts. Studio-1 experienced financial problems from its beginning. Losses for 1976 amounted to $17,717; 1977, $17,- *492 984; 1978, $14,716; and 1979, $89,000. The company had several judgments entered against it and had contemplated bankruptcy in 1977. In April 1979, however, Studio-1 produced a profitable concert that netted over $20,000.
Plaintiffs are Ella Dabney (who alleges making loans that were not repaid amounting to $35,000), Edward Bynum ($3000), Joseph Mercer ($4900) and William Hurdle ($3000). The loans in question were made during a period from May 1979 until October 1979. Each of the plaintiffs initially made a short-term loan that was repaid at a substantial rate of interest (from 15% to 20%). A second loan made by Edward By-num was also fully repaid with interest. Later loans were not repaid.
At trial, testimony was given concerning Blackwell’s statements to the plaintiffs. Dabney testified that Blackwell convinced her that the business “was growing”, that “he was very successful.” She also testified that the debtor told her that Studio-1 was a “top-notch company” and that “they were just blooming.” Other statements made by Blackwell were that “business was going great,” that the corporation was a “very successful company of some young black men and they were doing very, very good,” and that it was a “striving business that was doing well.”
II
Although holding that the debts were non-dischargeable because the debtor had made a continuing series of misrepresentations to the plaintiffs, the bankruptcy court found that there was no evidence of bad faith or improper withdrawals of funds. The bankruptcy court also rejected claims of fraud or false financial statements. In affirming the decision of the bankruptcy court, the district court found the issue to be whether the debtor’s statements constituted puffing or representations of fact.
We find it unnecessary to reach the question of whether Blackwell’s statements constituted false representations or puffing because the relevant statutory provision excepts oral statements concerning the debt- or’s or an insider’s financial condition.
In the instant case, Studio-1 is defined as an “insider”. Where an individual debtor is involved, the definition of “insider” includes a “corporation of which the debtor is a director, officer, or person in control.” 11 U.S.C. § 101(25)(A)(iv) (Supp.1979). In re Bedard, 19 B.R. 565, 567 (Bkrtcy.E.D.Pa. 1982).
All of the statements made by Blackwell to the plaintiffs were essentially statements concerning the financial condition of Studio-1. Further, all of Blackwell’s statements were oral. The representations are therefore outside the scope of 11 U.S.C. § 523(a)(2) and can not be the basis for preventing discharge of the bankrupt. In re Patch, 22 B.R. 970 (Bkrtcy.D.Md.1982); In re Bedard, supra; In re Kiernan, 17 B.R. 362 (Bkrtcy.S.D.N.Y.1982); 1 Norton Bankruptcy Law and Practice, § 27-40, § 27.42 (1981).
Accordingly, we reverse the district court and remand for the entry of an order discharging these debts.

. 11 U.S.C. § 523(a)(2) provides in pertinent part:
(a) A discharge under section 727, 1141, or 1328(b) ... does not discharge an individual debtor from any debt—
(2) For obtaining money, property, or services, or an extension, renewal, or refinance of credit, by—
(A) False pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s or an insider’s financial condition; or
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor’s or an insider’s financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive.