In the Matter of Robert L. NENNINGER and Barbara A. Nenninger, Debtors.

BRUNSWICK EMPLOYEES CREDIT UNION, Plaintiff,

v.

Robert L. NENNINGER and Barbara A. Nenninger, Defendants.

Adv. No. 82–0203.

United States Bankruptcy Court, W.D. Wisconsin.

Aug. 30, 1983.

Ralph M. Cagle, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for defendants.

Daniel E. Dunn, Smyth, Sauer, Becker, Lynch & Smyth, Ltd., La Crosse, Wis., for plaintiff.

ROBERT D. MARTIN, Bankruptcy Judge.

In this adversary proceeding the plaintiff, Brunswick Employees Credit Union, sought a determination that a debt owed by Robert L. and Barbara A. Nenninger was nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A).[1] At a hearing held April 29, 1983 the court ruled that the debt was dischargeable, finding no intent to deceive on the part of the debtors, and no reasonable reliance by the plaintiff. The only issue remaining before the court is the debtors' request for attorney fees.

On April 16, 1979 the debtors made an offer to purchase a campground in Wood County, Wisconsin which included a residence the debtors intended to occupy, for a purchase price of $420,000. The offer provided that debtors would pay $2,000 earnest money, $2,000 down payment, and $76,000 in cash at closing. The remainder of the purchase price was to be paid on land contract. If the debtors were unable to sell their Illinois home, the vendors would accept $38,000 in cash and a second mortgage for $38,000 on the home, at closing. Shortly thereafter, the debtors placed their Illinois home on the market, but were unable to sell it. The residence at the campground had an appraised value of $83,000.

On April 23, 1979 debtors each applied for and received loans in the amount of $20,000 from the plaintiff to be applied to the campground purchase. The loans were secured by an assignment of proceeds of the debtors' Illinois home. The debtors' failure to disclose other actual or potential claims against proceeds from sale of the Illinois home was the basis of plaintiff's nondischargeability suit.

In support of their request for costs and attorney's fees, debtors rely on 11 U.S.C. § 523(d), which provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

In a case which comes within 11 U.S.C. § 523(d), the award of attorney fees is mandatory, unless clearly inequitable. *See In Re Kohl,* 18 B.R. 670, 672 (Bkrtcy.W.D.Wis. 1982).

The question in the present case is whether the debtors' obligation to plaintiff was a consumer debt. Debtors urge the court to construe the definition broadly, and consider the debtors' relative inexperience in financial matters. The term "consumer debt" is defined in 11 U.S.C. § 101(7) as: "debt incurred by an individual primarily for a personal, family, or household purpose." Thus the test is not the experience of the debtor, but the purpose of the loan. Under the plain language of the statute, a loan to purchase a commercial campground cannot be a consumer debt. *Cf. In Re Valley,* 21 B.R. 674 (Bkrtcy.D.Mass.1982) (debt incurred to purchase tractor-trailer for logging business was not a consumer debt); *In Re McCourt,* 20 B.R. 388 (Bkrtcy.

---

**1.** 11 U.S.C. § 523(a)(2)(A) provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

D.Mass.1982) (debt incurred to purchase an apartment complex was not a consumer debt).

Debtors contend that even if the entire debt was not a consumer debt, then at least the portion attributable to the residence at the campground, $83,000 or 19.76% of the purchase price, was a consumer debt. From this, the debtors reason that the court should award them 19.76% of the attorney's fees and costs incurred in defending the dischargeability action.

Debtors rely on *In Re Burgess,* 22 B.R. 771, 9 B.C.D. 646 (Bkrtcy.M.D.Tenn.1982) where Judge Paine ruled that a debt incurred to purchase property to be used as debtors' home was a "consumer debt," within the meaning of 11 U.S.C. §§ 101(7), 523(d). In *Burgess,* the debt was unsecured. The court specifically noted the legislative history of 11 U.S.C. § 101(7), which makes clear that a consumer debt does not include a debt to any extent the debt is secured by real property. 22 B.R. at 772, citing 124 Cong.Rec.H. 11,090 (Sept. 28, 1978) (remarks of Rep. Edwards). From the remarks cited above and further analysis of the legislative history of 11 U.S.C. § 101(7) the court concluded that an unsecured obligation for the purchase of a home could be a consumer debt. *Burgess,* however, is of no help to debtors in the present case, since the entire debt to the plaintiff was secured by a recordable interest in real property. The assignment of proceeds from sale of the Illinois home, which was eventually recorded by the plaintiff in the office which maintains land records in Illinois is tantamount to a mortgage. Because the underlying debt in the dischargeability action was not a consumer debt, debtors' request for attorney's fees and costs must be denied.