**In re John Phillip RYANS, Sr., f/d/b/a/ The Sports Shop & Bellaroma Beauty Shop, Debtor.**

**James Henry FISCHER f/d/b/a the Sports Shop, Plaintiff,**

v.

**John P. RYANS, Defendant.**

Bankruptcy No. 1–83–01985.
Adv. No. 1–84–0014.

United States Bankruptcy Court, E.D. Tennessee.

Nov. 23, 1984.

John C. Cavett, Jr., Chattanooga, Tenn., for plaintiff.

Harry K. Hays, Chattanooga, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The plaintiff filed a complaint against the debtor, John Phillip Ryans, alleging that he owes the plaintiff a debt that cannot be discharged in bankruptcy. The plaintiff relies primarily on Bankruptcy Code § 523(a)(2)(A) which provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.     .     .     .     .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ...

In the summer of 1981 the debtor sold the plaintiff a business known as The Sports Shop, which was located in East Ridge, Tennessee. The plaintiff paid the defendant $36,588.16 for the business.

Two documents were executed as part of the sale. One is entitled "Bill of Sale" and provides as follows:

The undersigned does hereby warrant that said property is free and clear of all debts, taxes, and all other liens or encumberances as of the date of this instrument.

The bill of sale is signed by the debtor.

The other document is signed by the plaintiff and the debtor. It provides:

Buyer shall pay all debts, taxes, liens or other encumberances which are created against the stock, merchandise, equipment, fixtures, furnishings and all other personal property located at "THE SPORT SHOP", 5611 Ringgold Road, East Ridge, Tennessee 37412, beginning July 27, 1981 and buyer shall be responsible for all accounts payable prior to July 27, 1981.

The plaintiff testified that he worked at the store as a sales clerk for three months before he purchased it. He did not order merchandise or pay bills. When he bought the store, he was 28 years old. He was to pay $36,000 cash and assume $10,400 in accounts payable. He twice asked the debtor to give him the accounts payable but didn't find out the exact amount. The debtor told him they were $10,400. The plaintiff did an inventory check before buying the business and valued the inventory on hand at $30,000. He also asked the debtor to provide him a profit and loss statement, which he did provide. The accounts payable were in fact more than $20,000. Paying the unexpected debts used up the plaintiff's operating capital, caused the

business to fail and put the plaintiff himself into bankruptcy.

Gary Ballou testified that he talked to the debtor about the business in the summer of 1981 before plaintiff bought the business. The debtor told him that the business's accounts payable were about $10,000. Mr. Ballou said that the business seemed profitable as far as he knew, but he did not buy.

The debtor testified that he told the plaintiff that the business was making a profit. He also testified that he furnished the plaintiff any information that he requested. He further testified that he didn't tell the plaintiff that the accounts payable totaled any certain amount. In summary, the defendant testified that the plaintiff agreed to buy a going business, with $30,000 in inventory, and pay the business's debts, whatever they were.

█ The court finds it unbelievable that the plaintiff would have agreed to buy the business without some representation of the approximate amount of the accounts payable. The court believes that the debtor intentionally misrepresented the amount of the accounts payable in order to sell the business to the plaintiff and as a result the plaintiff suffered damages. The result is that the debtor owes the plaintiff a debt that is not dischargeable in bankruptcy.

█ The debtor has argued that the debt is dischargeable because oral misrepresentations of his financial condition are not a ground for excepting a debt from discharge under § 523(a)(2). See *Blackwell v. Dabney*, 702 F.2d 490, 10 B.C.D. 442 (4th Cir.1983); *In re Pollina*, 31 B.R. 975 (Dist. Ct.D.N.J.1983); *In re Patch*, 22 B.R. 970 (Bankr.D.Md.1982). The sole proprietor of a business is personally liable for its debts and a misrepresentation of the amount of the business's debts is a misrepresentation of the amount of the sole proprietor's debts. However, when the sole proprietor is selling the business, it can be viewed as property being sold and an oral misrepresentation of the amount of its debts is not for purposes of § 523(a)(2)(A) purely an oral misrepresentation of the sole proprietor's financial condition. The buyer is not interested in the sole proprietor's financial condition as such but is interested in the business's financial condition. The court therefore rejects the debtor's argument in this case.

The plaintiff alleged that the nondischargeable debt is $9,677.88, though the total damages were more. The court finds in favor of the plaintiff and will enter an order holding the debtor liable for a nondischargeable debt in the amount of $9,677.88.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.