In re Lloyd Dan **PRESTRIDGE** and Marsha Suzanne Prestridge, Debtors.

Boyd **KING,** Plaintiff,

v.

Lloyd Dan **PRESTRIDGE** and Marsha Suzanne Prestridge, Defendants.

Bankruptcy No. 84–10775.
Adv. No. 84–0373.

United States Bankruptcy Court,
W.D. Tennessee, E.D.

Jan. 11, 1985.

---

Timothy B. Latimer, Jackson, Tenn., for plaintiff.

Susan Taylor Shoaf, Jackson, Tenn., for defendants.

Larry Butler, Jackson, Tenn., for John Leake.

## ORDER

DAVID S. KENNEDY, Bankruptcy Judge.

In this adversary proceeding the plaintiff, Boyd King ("Mr. King"), seeks a nondischargeable judgment against the defendants, Lloyd Dan Prestridge and Marsha Suzanne Prestridge, the above-named Chapter 7 debtors ("Debtors"), pursuant to 11 U.S.C. § 523(a)(2)(B).

Having heard the oral testimony of the parties and Mr. John Leake ("Mr. Leake") and after carefully considering the case record as a whole, the court makes the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052(a).

On or about October 22, 1981, the Debtors purchased from Mr. Leake and his wife, Dale L. Leake, certain real property lying and being in the corporate limits of Medina, Gibson County, Tennessee. Mr. and Mrs. Leake retained a lien covering said real property; however, this mortgage is subordinate to the first mortgage held by a savings and loan association.

Mr. King is a neighbor of the Debtors. Defendant, Lloyd Dan Prestridge ("Mr. Prestridge"), and Mr. King subsequently discussed the possibility of Mr. King purchasing a small tract of the Debtors' overall property.[1] Mr. Prestridge asked Mr. Leake if the latter would release his lien covering this small tract. Mr. Leake testified that he told Mr. Prestridge he would provided the first mortgagee would also agree to do so. The first mortgagee indeed agreed to a partial release of its mortgage; and on April 9, 1982, the Debtors executed a warranty deed in favor of Mr. King and his wife, Marie King. The purchase price was $5,000.00 which Mr. King paid. The warranty deed (Tr. Ex. 1) reflects in relevant part here that the subject real property was "free and unencumbered except for city and county taxes for the year 1982...." It should be noted here that

---

1. Mr. King testified that he was desirous of purchasing a small tract of the Debtors' property as he did not want anyone to build close to his property.

Mr. and Mrs. Leake never released their junior lien of record.

On September 4, 1984, the Debtors filed an original petition under Chapter 7 of the Bankruptcy Code. Debtors' Schedule A–2 reflects, inter alia, that Fidelity Federal Savings and Loan Association holds a first mortgage and Mr. and Mrs. Leake hold a second mortgage,[2] being owed $20,014.08 and $18,321.00 respectively. Mr. King is listed in the Debtors' Schedule A–3 as holding a "(P)ossible unliquidated claim for transfer of property by warranty deed when property was encumbered."

Mr. King filed a timely complaint against the Debtors seeking to have his particular debt to be excepted from the Debtors' general discharge. Specifically, Mr. King's complaint alleges as follows:

"Since a Warranty Deed was conveyed to plaintiff by Defendants and since the prior lien to John Leake was not disclosed or released, this is actual fraud and pursuant to 11 U.S.C. § 523(a)(2)(B), Defendants should be denied a discharge from this debt to Plaintiff. This is a debt for property attained by actual fraud by use of a statement in writing which is and was materially false."

Mr. King seeks actual damages including costs and attorney's fees and punitive damages in the amount of $10,000.00.

The Bankruptcy Code provides that a debtor may not discharge debts for money obtained by false pretenses, false representations, or fraud, except that false statements "respecting the debtor's … financial condition" must be in writing in order for the debt to be dischargeable. 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B).

■ Query, is the subject warranty deed a statement in writing respecting the Debtors' financial condition as contemplated in 11 U.S.C. § 523(a)(2)(B). A debtor's oral misrepresentations that he owned property free and unencumbered related to his financial condition and may bar a discharge of the debt pursuant to 11 U.S.C. § 523(a)(2)(A). See *In re Pollina,* 31 B.R. 975 (D.C.N.J.1983). Of course, the instant complaint is brought pursuant to 11 U.S.C. § 523(a)(2)(B). A statement that one's assets are not encumbered is not a formal financial statement in the ordinary usage of that phrase. In *In re Steinburg,* 744 F.2d 1060, 12 B.C.D. 466 (4th Cir.1984), the Fourth Circuit Court of Appeals stated 744 F.2d at p. 1061, 12 B.C.D. at p. 467 as follows:

"But Congress did not speak in terms of financial statements. Instead it referred to a much broader class of statements—those 'respecting the debtor's … financial condition'. A debtor's assertion that he owns certain property free and clear of other liens is a statement respecting his financial condition. Indeed whether his assets are encumbered may be the most significant information about his financial condition. Consequently, the statement must be in writing to bar the debtor's discharge. *Blackwell v. Dabney,* 702 F.2d 490 (4th Cir.1983)."

■ Based on the foregoing and under a totality of the particular facts and circumstances of this proceeding, the court finds that the subject warranty deed containing the phrase "free and unencumbered" falls within the contemplation of 11 U.S.C. § 523(a)(2)(B)—i.e. a statement in writing respecting the Debtors' financial condition.

■ Mr. King has the burden of establishing and proving the following elements in order to except his particular debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(B). It is encumbent upon Mr. King to establish that the Debtors obtained money by use of a statement in writing (1) that is materially false; (2) respecting the Debtors' financial condition; (3) on which Mr. King reasonably relied; and (4) that was published by the Debtors with intent to deceive. Mr. King's failure to prove any one of the above elements must result in a dismissal of the instant complaint. *First*

---

**2.** It appears that Mr. and Mrs. Leake may have assigned their position to the Jackson National Bank of Jackson, Tennessee.

Security Bank v. Ardelean, 28 B.R. 299 (Bankr.Ct.N.D.Ill.1983); In re Consin, 38 B.R. 505 (Bankr.Ct.E.D.Tenn.1984).

Ordinarily there are two principal issues for the court to decide in this type proceeding: (1) whether the creditor reasonably relied on the financial statement[3] and (2) whether the debtor caused the statement to be made or published with intent to deceive. Both issues must be answered affirmatively to support a finding of nondischargeability under 11 U.S.C. § 523(a)(2)(B).

As noted previously, the burden of proof is on Mr. King. The standard of proof is clear and convincing evidence. See, e.g. and among others, In re Misjak, 26 B.R. 914 (Bankr.Ct.W.D.Wis.1983). Standards as to nondischargeability of debt by reason of fraud must be strictly construed against the objector and liberally in favor of the debtor. Gleason v. Thaw, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); Sweet v. Ritter Finance Co., 263 F.Supp. 540 (W.D.Va.1967); In re Hunt, 30 B.R. 425 (D.Ct.M.D.Tenn.1983).

Based on a totality of the particular facts and circumstances, the court concludes that Mr. King has failed to establish that the Debtors had any intention of deceiving him when they made or published the warranty deed. Mr. Leake's testimony supports Mr. Prestridge's testimony.[4] Mr. Leake told Mr. Prestridge that he would release his lien if the first mortgage holder would. It is unfortunate that Mr. Prestridge did not follow up on this. The court is satisfied, however, that Mr. Prestridge could not have intended to deceive Mr. King since he believed that Mr. Leake would release his lien in order that clear title could be given to Mr. King for the small parcel.

Because Mr. King has not maintained his burden of proof, the court finds that the instant complaint should be dismissed.

This is not to say, however, that the court is unsympathetic with Mr. King's unfortunate situation.

IT IS ORDERED: That the complaint filed by the plaintiff, Boyd King, against the defendants, Lloyd Dan Prestridge and Marsha Suzanne Prestridge, pursuant to 11 U.S.C. § 523(a)(2)(B), is hereby dismissed.[5]

IT IS FURTHER ORDERED: That the plaintiff's particular debt be and it is hereby discharged.

---

3. The word "reasonable" is not defined in the Bankruptcy Code, and what is reasonable must be determined in accordance with the facts surrounding each individual case.

4. Defendant, Marsha Suzanne Prestridge, did not testify.

5. If legal disputes exist among Messrs. King and Leake and the affected mortgagee(s), this court abstains. See 28 U.S.C. § 1334(c)(1), (2); Bellotti v. Baird, 428 U.S. 132, 143, n. 10, 96 S.Ct. 2857, 2864, n. 10, 49 L.Ed.2d 844 (1976).