**In re Clarence T. NICHOLSON, Debtor.**

**Nellie LENZYCKI, Plaintiff,**

v.

**Clarence T. NICHOLSON, Defendant.**

Bankruptcy No. 82–2428.
Adv. No. 83–180.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 6, 1985.

Roger P. Hartley, New Port Richey, Fla., for plaintiff.

James C. McKenzie, Clearwater, Fla., for defendant.

### ORDER ON MOTION TO DETERMINE AND ASSESS ATTORNEY'S FEES AND COSTS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion to Determine And Assess Attorney's Fees and Costs, filed by Clarence T. Nicholson, the Defendant and Debtor in the above-styled adversary proceeding. The Debtor requests that the Court enter judgment against the Plaintiff, Nellie Lenzycki for attorney's fees and costs, pursuant to § 523(d) of the Bankruptcy Code.

The Court considered the record, heard argument of counsel and finds as follows:

On February 22, 1983 the Plaintiff commenced the above adversary proceeding seeking to except a debt in the amount of $10,000 from the discharge of the Debtor pursuant to § 523(a)(2)(A) of the Code. The basis of that action can be summarized from the findings contained in the Memorandum Opinion entered by this Court after a final evidentiary hearing.

The record as determined by this Court reflects that the Plaintiff desired to purchase a new home for her daughter. In order to do so, she entered into a Construction and Sales Agreement with the Debtor. According to her Agreement, the Debtor, as contractor, was to construct a single family residence for the Plaintiff. Pursuant to the terms of the Agreement, the Plaintiff delivered to the Debtor $5,000 which was previously deposited with the Debtor's former employer. Upon execution of the Agreement, the Plaintiff made an additional $5,000 deposit.

Construction could not begin until the Debtor could acquire building permits. Because the Debtor was not a licensed contractor, the permits would not be issued to the Debtor unless he owned the property. To enable the Debtor to obtain the permit, the property was quit claimed to him.

Construction of the house was never completed and the Debtor sold the property to an unrelated third party but did not remit the proceeds to the Plaintiff, contending that the Debtor fraudulently misrepresented that he was a licensed contractor in order to induce her to give him the $10,000 and quit claim deed, the Plaintiff sought to have the debt excepted from discharge. After a trial on the merits, the Court found that the Plaintiff failed to meet the burden of proof of establishing a claim under § 523(a)(2)(A) and held that the debt was dischargeable.

The Debtor now seeks to recover its costs and attorney's fees which he incurred in this proceeding. The claim for fees and costs is brought under § 523(d) of the Code which provides as follows:

Section 523

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

In order for § 523(d) to be applicable, the debt in question must have been a consumer debt. A consumer debt is defined by § 101(7) as a "debt incurred by an individual for a personal, family, or household purpose."

In the present proceeding the Debtor contends that the subject debt qualifies as a consumer debt. The Debtor takes the position that real estate may be included in the definition and, in the alternative, contends that the Construction Agreement itself constituted the personal property which would qualify under § 523(d).

The Bankruptcy Court for the Middle District of Tennessee addressed the issue of whether the term "consumer debt" in § 523(d) included the unsecured debt acquired by a Debtor to purchase real property which was intended to be used as a residence. *Bank of Columbia Falls v. Burgess, (In re Burgess)*, 22 B.R. 771 (Bankr.M.D.Tenn.1982). After examining the legislative history of §§ 523(d) and 101(7), that Court found that the definition of consumer debt was not limited to purchases of personal property.

Even if this Court were to adopt the holding of *Burgess*, the reasoning of that decision is inapplicable to the case at bar. In *Burgess* the Debtors obtained a loan from a bank in order to purchase their home. In the present instance, the Debtor incurred the debt while engaged in his business as contractor. He did not incur the debt for family purposes as did the Debtor's in *Burgess*.

As a result, even if real property could be the subject of a consumer debt as in *Burgess*, this particular debt did not meet the qualifications of a consumer debt as defined by § 101(7). This being the case, this Court shall not award the Debtor fees and costs pursuant to § 523(d). Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Determine and Assess Attorney's Fees and Costs, filed by the Debtor, Clarence T. Nicholson be and the same hereby is denied.