**In re David J. PANAIA, Barbara A. Panaia, Debtors.**

**The CONNECTICUT NATIONAL BANK, Plaintiff,**

**v.**

**David J. PANAIA, Defendant.**

**Bankruptcy 7 No. 4–83–00091–G. Adv. No. 4–84–0080.**

United States Bankruptcy Court, D. Massachusetts.

June 19, 1986.

Michael P. Berman, Berman and Sable, Hartford, Conn.

Joseph B. Collins, Hendel, Collins, Stock & Newton, Springfield, Mass.

## MEMORANDUM RE: COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

JAMES A. GOODMAN, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the Connecticut National Bank (the "Bank") on June 29, 1984, seeking to determine the dischargeability of a debt owed by David J. Panaia ("Panaia") to the Bank. The defendant, Panaia, filed a Motion to Dismiss the proceeding on August 16, 1984, which was subsequently taken under advisement. The parties have agreed that this matter may be decided by the Court on the record now before it.

The Court finds this matter to be a core proceeding. The facts, as found in the complaint, are as follows. In order to satisfy his obligations as guarantor of an equipment lease, under which the Bank was a lessor, and to settle litigation then pending between the parties, David Panaia gave the Bank a promissory note in the amount of $15,000. The note, which was dated September 17, 1982, was secured by a mortgage granted by David Panaia and Barbara Panaia to the Bank on property located in East Longmeadow, Massachusetts. At some point during the prior litigation, David Panaia represented, under oath during a deposition, that he owed a separate institution, the Old Colony Bank, $70,000 and that the indebtedness was secured by a lien on the same East Longmeadow property. The Bank contends that Panaia owed the Old Colony Bank in excess of $150,000 at the time he made that statement.[1] The Bank alleges that they entered into a settlement agreement with Panaia and accepted the promissory note and mortgage in reliance upon his allegedly false representation concerning the amount of his indebtedness to the Old Colony Bank.

Exceptions to discharge are governed by 11 U.S.C. § 523, which states, in relevant part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt—

.  .  .  .  .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive . . .

The Bank states in its complaint that it is relying upon section 523(a), but does not indicate specifically which provisions it is relying on. Section 523(a)(2)(A), which deals with false pretenses or representations, specifically excludes statements "respecting the debtor's or an insider's financial condition." Those types of statements are dealt with separately in section 523(a)(2)(B). Paragraphs (A) and (B) of section 523(a)(2) are thus mutually exclusive. 3 *Collier on Bankruptcy*, § 523.08 at 523–38 (15th ed. 1986).

■ To fall under section 523(a)(2)(B), the statements need not be formal financial statements. The phrase "respecting the debtor's . . . financial condition" is to be broadly interpreted. *Blackwell v. Dabney*, 702 F.2d 490, 491 (4th Cir.1983); *In re Prestridge*, 45 B.R. 681, 683 (Bankr.W.D. Tenn.1985). In the present case, the Debtor's statement concerning the amount of his indebtedness to the Old Colony Bank is a statement respecting his financial condition, and the complaint must therefore rely on paragraph (B) of section 523(a)(2), and

1. The Debtors' pleadings in a separate adversary proceeding between the same parties indicate that there was a dispute over the amount owed to the Old Colony Bank at that time and, in that sense, his statement as to the amount owed was not false.

not paragraph (A). *See Engler v. Van Steinburg,* 744 F.2d 1060 (4th Cir.1984); *Blackwell v. Dabney,* 702 F.2d 490, 491 (4th Cir.1983); *In re Prestridge,* 45 B.R. 681 (Bankr.W.D.Tenn.1985); *In re Gelfand,* 47 B.R. 876 (Bankr.E.D.Pa.1985).

Section 523(a)(2)(B) requires that, in order for a debt to be declared nondischargeable due to a debtor's allegedly false statements respecting his financial condition, those statements must be in writing. In the present case, the debtor's statements, even assuming they were false and although made under oath, were oral. Accordingly, the Court will enter, concurrent with this memorandum, an order dismissing the Bank's complaint with prejudice.

The Debtor, in his Motion to Dismiss, asks the Court to award him his attorney's fees and costs in defending this non-dischargeability proceeding, pursuant to 11 U.S.C. §§ 105 and 523(d). Section 523(d) provides that, in a case such as this one, where a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of section 523, and the debt is discharged, the court may award costs and a reasonable attorney's fee to the Debtor if the Court finds that the position of the creditor was not substantially justified. The Court finds that the Bank's position in this case was not substantially justified and is prepared to award costs and reasonable attorneys' fees to the Debtor. A further hearing will be necessary to determine what the amount of these cost and attorneys' fees will be. Accordingly, the parties are to contact the Clerk's Office for a date and time for such a hearing.